1  Ronald H. Bae (SBN 186826)
   rbae@AequitasLegalGroup.com
2  Olivia D. Scharrer (SBN 291470)
   oscharrer@AequitasLegalGroup.com
3  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
4  1156 E. Green Street, Suite 200
   Pasadena, California 91106
5  Telephone:     (213) 674-6080
   Facsimile:     (213) 674-6081
6

7  Attorneys for Plaintiff KRISTI DEL TORO,
   individually, and on behalf of other members
8  of the general public similarly situated and
   other aggrieved employees
9

10

11             **UNITED STATES DISTRICT COURT**

12           **NORTHERN DISTRICT OF CALIFORNIA**

13

14  KRISTI DEL TORO, individually, and on       | Case No.
    behalf of other members of the general public
15  similarly situated and other aggrieved
    employees,
16
                                                  **CLASS ACTION COMPLAINT &**
17                                                **ENFORCEMENT ACTION UNDER THE**
           Plaintiff,                             **PRIVATE ATTORNEYS GENERAL ACT,**
18                                                **CALIFORNIA LABOR CODE §§ 2698,** *ET*
       vs.                                        *SEQ.*
19

20  CENTENE CORPORATION, a Delaware             (1)  Violation of 15 U.S.C. § 1681b(b)(2)(A)
    corporation; ENVOLVE PHARMACY                    (Failure to Comply with Fair Credit
21  SOLUTIONS, INC., a Delaware corporation;         Reporting Act);
    US SCRIPT LLC (dba US SCRIPT, INC.), a
22  Delaware limited liability company; and     (2)  Violation of California Labor Code
    DOES 1 through 10, inclusive,                    §§ 510, 1194, and 1198 (Failure to Pay
23                                                    Regular and Overtime Wages);

24                                               (3)  Violation of California Labor Code
           Defendants.                               §§ 226.7 and 512(a) (Failure to Provide
25                                                    Compliant Meal Periods or Pay Premium
                                                      Compensation in Lieu Thereof);
26

27                                               (4)  Violation of California Labor Code
                                                      § 226.7 (Failure to Provide Compliant
28

-1-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

Rest Periods or Pay Premium Compensation in Lieu Thereof);

(5)  Violation of California Labor Code §§ 201 – 203 (Failure to Pay Wages Timely Upon Termination);

(6)  Violation of California Labor Code § 226(a) (Failure to Provide Accurate Itemized Wage Statements);

(7)  Violation of California Business & Professions Code §§ 17200, *et seq.*; and

(8)  Penalties pursuant to California Labor Code §§ 2698, *et seq.* (Private Attorneys General Act).

**JURY TRIAL DEMANDED**

Plaintiff KRISTI DEL TORO, individually and on behalf of all other members of the public similarly situated and as an aggrieved employee pursuant to the Private Attorneys General Act, alleges as follows:

## THE PARTIES

1.      Plaintiff KRISTI DEL TORO ("Plaintiff") is at least 18 years of age and a resident of the County of Fresno in the State of California.

2.      Defendant CENTENE CORPORATION ("CENTENE") was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer that conducted and continues to conduct business throughout the State of California and in various other states of the United States.

3.      Defendant ENVOLVE PHARMACY SOLUTIONS, INC. ("ENVOLVE") was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer that conducted and continues to conduct business throughout the State of California and in various other states of the United States.

4.      Defendant US SCRIPT, LLC, doing business as US SCRIPT, INC. ("US

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

SCRIPT"), was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

5.    Plaintiff is unaware of the true names or capacities of defendants sued herein under the fictitious names DOES 1 through 10, but prays for leave to amend and serve such fictitiously named defendants once their names and capacities become known.

6.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of CENTENE, ENVOLVE and US SCRIPT (collectively "CENTENE") and were acting on behalf of CENTENE at all relevant times.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to CENTENE and DOES 1 through 10 (collectively, "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

8.    At all relevant times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10.    This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1681p based on the alleged violations of Plaintiff's federal statutory rights afforded under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

11.    This Court has supplemental jurisdiction over Plaintiff's California state claims under 28 U.S.C. §1367 on the ground that the state claims are related to FCRA claims, as they are

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  related to Plaintiff's employment, that they form part of the same case or controversy under

2  Article III of the United States Constitution.

3      12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant

4  is subject to personal jurisdiction in this district, maintains offices in this district, and relevant

5  events giving rise to this action occurred in this district.

6                          **CLASS ACTION ALLEGATIONS**

7      13.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all

8  other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil

9  Procedure 23(a) and 23(b)(3).

10      14.    Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of

11  this action as a class action.

12      15.    Plaintiff's proposed class consists of and is defined as:

13          a.    <u>FCRA Class</u>

14          All individuals residing in the United States whose background

15          report was procured by Defendants for employment purposes within

16          five years prior to the filing of this complaint until the date of trial.

17          b.    <u>California Labor Subclass</u>

18          All non-exempt employees who have been employed by Defendants in

19          the State of California within four years prior to the filing of this

20          complaint until the date of certification of the class in this lawsuit.

21      16.    Plaintiff reserves the right to establish additional subclasses as appropriate.

22      17.    There is a well-defined community of interest in the litigation and the class is

23  readily ascertainable:

24          (a)    <u>Numerosity</u>:  The members of the class (and each subclass, if any) are so

25          numerous that joinder of all members would be unfeasible and

26          impractical.  The membership of the entire class is unknown to Plaintiff at

27          this time, however, the class is estimated to be sufficiently numerous and

28          the identity of such membership is readily ascertainable by inspection of

**AEQUITAS LEGAL GROUP**
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

Defendants' employment records.

(b)    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all similarly situated employees' as demonstrated herein.

(c)    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff and her counsel have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the similarly situated employees who are not named in the complaint with a type of anonymity

**AEQUITAS LEGAL GROUP**
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PRIVATE ATTORNEYS GENERAL ACT**

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

that allows for the vindication of their rights at the same time as their privacy is protected.

18.     There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendants provided a clear and conspicuous disclosure in writing before a background report was procured;

(b)     Whether Defendants provided a disclosure that consists solely of the disclosure before a background report was procured;

(c)     Whether Defendants' failures to comply with the FCRA were willful; and

(d)     The appropriate amount of statutory damages resulting from Defendants' violations of FCRA.

(e)     Whether Defendants paid Plaintiff and similarly situated employees no less than the applicable minimum wage for all hours worked, as required by California law;

(f)     Whether Defendants paid Plaintiff and similarly situated employees for all of their overtime hours at the correct hourly rate, as required by California law;

(g)     Whether Defendants provided Plaintiff and similarly situated employees with a 30-minute, duty-free meal break for every five hours of work, and whether Defendants paid the required premium wages when compliant meal breaks were not provided, as required by California law;

(h)     Whether Defendants provided Plaintiff and similarly situated employees with a duty-free rest break of at least 10 minutes for every four hours worked or major fraction thereof, and whether Defendants paid the required premium wages when compliant rest breaks were not provided, as required by California law;

(i)     Whether Defendants paid Plaintiff and similarly situated employees all

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

wages owed upon the separation of their employment within the time

periods required by California law;

(j)     Whether Defendants provided accurate, itemized wage statements to

Plaintiff and similarly situated employees, as required by California law;

(k)     Whether Defendants' conduct, as described above, was willful or reckless;

(l)     Whether Defendants engaged in unfair business practices in violation of

California Business & Professions Code §§ 17200, *et seq*.;

(m)     The appropriate amount of damages, restitution, or monetary penalties

resulting from Defendants' wage-and-hour violations of California law;

## GENERAL ALLEGATIONS

19.     At all relevant times set forth herein, Defendants employed Plaintiff and other

similarly situated persons as non-exempt employees who belong to the class as set forth above.

20.     Defendants have employed Plaintiff KRISTI DEL TORO as a non-exempt, hourly-

paid employee from approximately June 4, 2008 to the present, at one of Defendants' call centers

located in Fresno, California.  Plaintiff works as a customer service representative.  Her job duties

include receiving and placing calls related to pharmacy benefits management and performing

related work.

21.     As part of the application process, Plaintiff was required to fill out Defendants'

standard application form entitled "Application for Employment."  On second page of that

application, the following language is provided:

> I agree to have character and credit investigations with the
> knowledge that this is to become part of my employment record.  I
> hereby authorize my former employers and references to furnish
> any information concerning me and release them from any and all
> liabilities or damages of any nature because of furnishing such
> information.  They may rely on a copy of this release.

22.     Defendant's application is being used not only for purposes of gathering certain

basic information about the job applicants but it is also being used as a liability waiver, i.e., that

the applicant releases former employers from all liability for damage in providing certain

1 information about the applicant.

2    23.    Because the purported disclosure is embedded within an employment application

3 and surrounded by extraneous information, and is not a clear and unambiguous disclosure in a

4 stand-alone document that consists solely of the disclosure, it violates FCRA, 15 U.S.C. §

5 1681b(b)(2)(A).  Indeed, with respect to liability waivers, the Ninth Circuit has expressly held

6 that inclusion of any such liability waiver is a violation of FCRA, 15 U.S.C. § 1681b(b)(2)(A).

7 *Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017).

8    24.    In addition to the Application for Employment, Defendants also utilized another

9 form that was purportedly used as a disclosure and authorization form.  On that form, Defendants

10 included the following extraneous language

> II.    Medical and workers' compensation information will only
> be required in compliance with the Federal Americans with
> Disabilities Act (ADA) and/or any other applicable state laws.
>
> III.    I acknowledge that a telephonic facsimile (FAX) or
> photographic copy shall be as valid as the original.  This release is
> valid for most federal, state and county agencies including the
> Minnesota Department of Labor.

17    25.    Moreover, this form also includes state-specific disclosures of the state of

18 Minnesota, Oklahoma, California and New York.  The Ninth Circuit has expressly held that

19 inclusion of any such disclosure containing extraneous information in the form of various state

20 disclosure requirements is a violation of FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i).  *Gilberg v.*

21 *California Check Cashing Stores, LLC*, 2019 WL 347027 (9th Cir. January 29, 2019).

22    26.    Plaintiff and other similarly situated employees were not paid all of the wages

23 owed to them due to Defendants' unlawful policies and practices.

24    27.    Plaintiff and other similarly situated employees received non-discretionary bonuses

25 that were not factored into the overtime rate.  To qualify for a bonus, individual employees have to

26 meet objective, numerically measured performance goals.  These goals also have to be met for the

27 entire department in which the employee works.  The goals relate to attendance, adherence to

28 assigned work schedules, and the amount of time it takes to handle a call, among other things.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

The goals are announced to employees in advance to encourage productivity. The amount of Plaintiff's bonuses ranged from approximately $888 to approximately $2,585 per year, paid annually. The bonuses are not factored into employees' overtime rate.

28. In addition, Plaintiff and other similarly situated employees were not paid for all hours worked. Employees are required to adhere to their assigned schedules, which includes clocking in precisely on time. Failing to do so was grounds for disciplinary action, including a verbal or written warning or reduction of hours. It could also result in losing all or part of the annual bonus. It took several minutes to clock in because employees had to log into both the timekeeping and phone systems, and the systems were slow and often crashed.

29. Further, employees were required to come to work early or stay late when the workload demanded, and they were not paid for this time. Employees were instructed to perform work before or after their shifts or during meal breaks. Employees' managers or supervisors adjusted their time records to reflect their scheduled hours rather than the actual hours worked.

30. Defendants failed to provide Plaintiff and other similarly situated employees with a 30-minute, duty-free meal break for every five hours of work. Employees often missed meal breaks or had late, short, or interrupted meal breaks due to the demands of the job and heavy workload. In addition, employees were required to be available to answer calls for 90% of their scheduled shift, which left insufficient time to take compliant meal and rest breaks.

31. Further, employees were unable to take full 30-minute meal breaks because of the schedule adherence requirement. As part of this requirement, employees had to clock in and out for their meal breaks as scheduled. Deviating from the schedule carried negative consequences, including the potential for verbal or written warnings, being scheduled to work fewer hours, or losing a bonus, as set forth above. Employees had to log into multiple systems, which were slow and often crashed. Consequently, employees had to end their meal breaks early to ensure they could clock in on time.

32. Also, employees were instructed to perform work before or after their shifts or during meal and rest breaks, including performing call audits.

33. Defendants failed to pay meal break premiums when compliant meal breaks were

-9-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  not provided.

2      34.    Plaintiff and similarly situated employees were not provided with a duty-free rest

3  break of at least 10 minutes for every four hours of work or major fraction thereof.  Plaintiff and

4  similarly situated employees were unable to take compliant rest breaks for the same reasons they

5  could not take compliant meal breaks, as set forth in paragraphs 25-28 herein.

6      35.    Defendants failed to pay rest break premiums when compliant rest breaks were not

7  provided.

8      36.    Defendants did not pay Plaintiff and similarly situated employees all wages owed

9  upon the separation of their employment, including the unpaid wages described in paragraphs 22-

10  30 herein.

11      37.    Defendants did not provide Plaintiff and similarly situated employees with accurate

12  itemized wage statements, as required by California Labor Code § 226(a), because the wage

13  statements provided by Defendants fail to accurately state Plaintiff's and similarly situated

14  employees' total hours worked and the corresponding hourly rates as a result of the failure to pay

15  wages described in paragraphs 22-30 herein.

16      38.    Defendants continue to employ non-exempt employees, who belong to the class as

17  set forth above, within California.

18      39.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

19  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

20  advisors knowledgeable about California labor and wage law, employment and personnel

21  practices, and about the requirements of California law.

22      40.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

23  should have known that Plaintiff and similarly situated employees were entitled to receive

24  minimum wage for all hours worked as well as overtime pay at one-and-a-half times the regular

25  rate of pay, but that Plaintiff and similarly situated employees were not paid all their hours worked

26  and/or were not paid at the correct hourly rate.

27      41.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28  should have known that Plaintiff and similarly situated employees were entitled to receive all meal

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

breaks as required by California law, or payment of one additional hour of pay at the regular rate of pay when a compliant meal break was not provided.

42.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to receive all rest breaks as required by California law, or payment of one additional hour of pay at the regular rate of pay when a compliant rest break was not provided.

43.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to timely payment of all wages, including, without limitation, regular and overtime wages and premium wages for meal/rest period violations, due upon termination or discharge in accordance with California law.

44.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to receive complete and accurate wage statements in accordance with California law.

45.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and similarly situated employees, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and similarly situated employees that they were properly compensated, all in order to increase Defendants' profits.

46.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article.

47.    At all times herein set forth, California Private Attorneys General Act, Labor Code §§ 2698, *et seq*. ("PAGA") was applicable to Plaintiff's employment by Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC.

48.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency for violations of the California Labor Code may, as an

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

49.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

50.     Plaintiff was employed by Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

51.     Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)     The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(b)     The LWDA shall provide notice to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of this notice, or if the notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

(c)     On May 10, 2019, Plaintiff provided the requisite written notice by online

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-12-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

filing to the LWDA and by certified mail to Defendants Envolve Pharmacy

Solutions, Inc. and US Script, LLC, informing them of the specific

provisions of the California Labor Code alleged to have been violated,

including the facts and theories to support the alleged violations.  As of the

filing date of this complaint, the LWDA has not responded to Plaintiff's

PAGA notice.

52.     Plaintiff has satisfied the administrative prerequisites under California Labor Code

§ 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for

violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 558, 1194, and 1198.

## FIRST CAUSE OF ACTION

### Violation of Fair Credit Reporting Act, 15 U.S.C.  § 1681b(b)(2)(A)

### (Against all Defendants)

53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

material allegations set out in paragraphs 1 through 52.

54.     Defendants are a "person" as defined by § 1681a(b) of the FCRA.

55.     Plaintiff and class members are "consumers" within the meaning § 1681a(c) of the

FCRA because they are "individuals."

56.     A "consumer report" is defined in 15 U.S.C. § 1681a(d)(1) of the FCRA as follows:

(d)     Consumer report

(1)     In general

The term "consumer report" means any written,
oral, or other communication of any information by a
consumer reporting agency bearing on a consumer's credit
worthiness, credit standing, credit capacity, character,
general reputation, personal characteristics, or mode of
living which is used or expected to be used or collected in
whole or in part for the purpose of serving as a factor in
establishing the consumer's eligibility for--

(A)     credit or insurance to be used
primarily for personal, family, or household
purposes;

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

(B)     employment purposes; or
                (C)     any other purpose authorized
under section 1681b of this title.

57.     Section 1681b(b)(2)(A) of the FCRA provides as follows:

(b)     Conditions for furnishing and using consumer reports for
employment purposes

[]
(2)     Disclosure to consumer

(A)  In general

Except as provided in subparagraph (B), <u>a person
may not procure a consumer report</u>, or cause a consumer
report to be procured, <u>for employment purposes with respect
to any consumer, unless</u>—

(i) a <u>clear and conspicuous</u> disclosure has
been made in writing to the consumer at any time
<u>before</u> the report is procured or caused to be
procured, in a document that <u>consists solely of the
disclosure</u>, that a consumer report may be obtained
for employment purposes; and

(ii) the consumer has authorized in writing
(which authorization may be made on the document
referred to in clause (i)) the procurement of the
report by that person.
                (underline added)

58.     Defendants violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff
and class members with a clear and conspicuous written disclosure, before a consumer report is
procured or caused to be procured, that a consumer report may be obtained for employment
purposes, in a document that consists solely of the disclosure.

59.     Based on information and belief, Plaintiff alleges that Defendants have a policy and
practice of failing to provide adequate written disclosure to applicants and employees before
procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy
and practice, Defendants procured consumer reports or caused consumer reports to be procured for
Plaintiff and class members without first providing a written disclosure in compliance with §

1681b(b)(2)(A) of the FCRA.

60.     Based on information and belief, Plaintiff alleges that Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large companies with access to legal advice through its own general counsel's office and outside employment counsel.

(b)     Defendants were aware that the required disclosure must be set forth in a stand-alone document, as evidenced by the separate authorization form provided to Plaintiff.

(c)     The plain language of the statute unambiguously indicates that inclusion of extraneous or unclear information in a disclosure form violates the disclosure requirements.

(d)     The existence of several Federal Trade Commission's opinion letters and a report that predate Defendant's conduct, namely: (1) a 1998 opinion letter that unequivocally explained that "Section 604(b)(2)(A) requires consumer report users . . . to make a written disclosure . . . . 'in a document that consist solely of the disclosure'"; (2) another 1998 opinion letter stating that the "disclosure may not be part of an employment application" and the "reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure.  A disclosure that is combined with many items in an employment application -- no matter how 'prominently' it appears -- is not "in a document that consists solely of the disclosure" as required by Section 604(b)(2)(A); and (3) a July 2011 report by FTC further explaining that the disclosure must be "in a document that consists solely of the disclosure" and "may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

**AEQUITAS LEGAL GROUP**
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

61.     As a result of Defendants' unlawful procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

62.     Plaintiff, on behalf of herself and the FCRA Class, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

63.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

<u>**SECOND CAUSE OF ACTION**</u>

**Violation of California Labor Code §§ 510, 1194, and 1198**

**(Against All Defendants)**

64.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 63.

65.     California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

66.     During the relevant time period, Plaintiff and similarly situated employees consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week.

67.     California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at minimum wage for all hours worked and at an applicable overtime rate of pay for all overtime hours worked.

68.     Specifically, the applicable IWC Wage Order provides that Defendants are and

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

were required to pay Plaintiff and similarly situated employees employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

69.    Plaintiff and other similarly situated employees were not paid all of the wages owed to them due to Defendants' unlawful policies and practices.

70.    Plaintiff and other similarly situated employees received non-discretionary bonuses that were not factored into the overtime rate.  To qualify for a bonus, individual employees have to meet objective, numerically measured performance goals.  These goals also have to be met for the entire department in which the employee works.  The goals relate to attendance, adherence to assigned work schedules, and the amount of time it takes to handle a call, among other things. The goals are announced to employees in advance to encourage productivity.  The amount of Plaintiff's bonuses ranged from approximately $888 to approximately $2,585 per year, paid annually.  The bonuses are not factored into employees' overtime rate.

71.    In addition, Plaintiff and other similarly situated employees were not paid for all hours worked.  Employees are required to adhere to their assigned schedules, which includes clocking in precisely on time.  Failing to do so was grounds for disciplinary action, including a verbal or written warning or reduction of hours.  It could also result in losing all or part of the annual bonus.  It took several minutes to clock in because employees had to log into both the timekeeping and phone systems, and the systems were slow and often crashed.

72.    Further, employees were required to come to work early or stay late when the workload demanded, and they were not paid for this time.  Employees were instructed to perform work before or after their shifts or during meal breaks.  Employees' managers or supervisors adjusted their time records to reflect their scheduled hours rather than the actual hours worked.

73.    Defendants' failure to pay Plaintiff's and similarly situated employees' regular and overtime wages violates the provisions of California Labor Code §§ 510, 1194 and 1198, and is therefore unlawful.

74.    Plaintiff and similarly situated employees are entitled to recover unpaid wages and

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-17-

such general and special damages as may be appropriate and interest thereon.

75.    Pursuant to California Labor Code § 1194, Plaintiff and similarly situated employees are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 512(a)**

**(Against All Defendants)**

76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 75.

77.    At all relevant times, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's and similarly situated employees' employment by Defendants.

78.    At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

79.    At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

80.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

81.    During the relevant time period, Plaintiff and similarly situated employees who

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-18-

were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

82.    During the relevant time period, Plaintiff and similarly situated employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

83.    During the relevant time period, Defendants failed to provide Plaintiff and other similarly situated employees with a 30-minute, duty-free meal break for every five hours of work. Employees often missed meal breaks or had late, short, or interrupted meal breaks due to the demands of the job and heavy workload.  In addition, employees were required to be available to answer calls for 90% of their scheduled shift, which left insufficient time to take compliant meal and rest breaks.

84.    Further, employees were unable to take full 30-minute meal breaks because of the schedule adherence requirement.  As part of this requirement, employees had to clock in and out for their meal breaks as scheduled.  Deviating from the schedule carried negative consequences, including the potential for verbal or written warnings, being scheduled to work fewer hours, or losing a bonus, as set forth above.  Employees had to log into multiple systems, which were slow and often crashed.  Consequently, employees had to end their meal breaks early to ensure they could clock in on time.

85.    Also, employees were instructed to perform work before or after their shifts or during meal and rest breaks, including performing call audits

86.    During the relevant time period, Defendants failed to pay Plaintiff and similarly situated employees the meal break premiums due for non-compliant meal breaks pursuant to California Labor Code § 226.7.

87.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

88.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

**CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PRIVATE ATTORNEYS GENERAL ACT**

Plaintiff and similarly situated employees are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a compliant meal break was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against All Defendants)

89.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 88.

90.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's and similarly situated employees' employment by Defendants.

91.    At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

92.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

93.    During the relevant time period, Defendants required Plaintiff and similarly situated employees to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

94.    Plaintiff and similarly situated employees were not provided with a duty-free rest break of at least 10 minutes for every four hours of work or major fraction thereof.  Plaintiff and similarly situated employees were unable to take compliant rest breaks for the same reasons they could not take compliant meal breaks, as set forth in paragraphs 29 to 32 herein.

95.    During the relevant time period, Defendants failed to pay Plaintiff and similarly

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

situated employees the rest break premiums due for non-compliant rest breaks pursuant to California Labor Code § 226.7.

96.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

97.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and similarly situated employees are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that a compliant rest break was not provided.

### FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201, 202 and 203

### (Against All Defendants)

98.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 97.

99.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

100.    The unpaid wages owed to Plaintiff and putative similarly situated employees at the time of termination of their employment include unpaid regular, overtime and premium wages for non-compliant meal/rest periods, as set forth herein.

101.    Defendants' failure to pay Plaintiff and those similarly situated employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201, 202 and 203.

102.    All California employers know or should know that employees must be paid for all time spent under the employer's control and that overtime wages are paid at one and a half times

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-21-

the regular rate of pay. Defendant's failure to abide by these well-established laws is willful and not in good faith.

103.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

104.    Plaintiff and similarly situated employees are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against All Defendants)

105.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 104.

106.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing the following information: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

107.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements because the wage statements provided by Defendants fail to accurately state Plaintiff's and similarly situated employees' total hours worked and the corresponding hourly rates as a result of the failure to pay the wages described herein.

108.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and similarly situated employees have suffered injury and damage to their statutorily-protected rights.

109.    Specifically, Plaintiff and other similarly situated employees have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).  Plaintiff and other similarly situated employees have been injured by Defendants' intentional violation of California Labor Code § 226(a) in that it has caused confusion over whether they had received all of the wages owed them, in addition to their difficulty and expense in reconstructing pay records and making mathematical computations to analyze whether the wages paid them did in fact compensate them for all hours worked

110.    Furthermore, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement fails to accurately and completely provide certain pieces of information and the employee cannot promptly and easily determine such information from the wage statement alone.  In relevant part, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement does not  accurately and completely state the total number of hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

111.    Plaintiff and similarly situated employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

112.    Plaintiff and similarly situated employees are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## SEVENTH CAUSE OF ACTION

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

113.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 112.

114.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other similarly situated employees, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

115.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

116.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  In this case, Defendants' policy and practice of not paying all minimum and overtime wages due violates California Labor Code §§ 510, 1194, and 1198; Defendants' policy and practice of requiring Plaintiff and similarly situated employees to work through their meal and rest breaks without paying them proper compensation violates California Labor Code §§ 226.7 and 512(a); Defendants' policy and practice of not timely paying all wages owed to Plaintiff and other similarly situated employees upon resignation or termination violates California Labor Code §§ 201, 202, and 203; and Defendants' policy and practice of failing to provide accurate itemized wage statements violates California Labor Code § 226.

117.    Plaintiff and putative similarly situated employees have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

118.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and similarly situated employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

similarly situated employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### EIGHTH CAUSE OF ACTION

**Penalties pursuant to California Labor Code §§ 2698, *et seq*.**

**(Private Attorneys General Act)**

**(Against Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC Only)**

119.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 118.

120.    At all times herein set forth, PAGA was applicable to Plaintiff's employment at Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC.

121.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

122.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

123.    Plaintiff was employed by Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC, and one or more of the alleged violations were committed against them.

124.    Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)    The aggrieved employee or representative shall give written notice by

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

online filing with the Labor and Workforce Development Agency ("LWDA") and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(b)     The LWDA shall provide notice to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the this notice, or if this notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

(c)     On May 10, 2019, Plaintiff provided the requisite written notice by online filing to the LWDA and by certified mail to Defendants Envolve Pharmacy Solutions, Inc. and US Script, LLC, informing them of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  As of the filing date of this complaint, the LWDA has not responded to Plaintiff's PAGA notice.

125.    Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 558, 1194, and 1198.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

As to the First Cause of Action

1.     An award of statutory, compensatory, and punitive damages according to proof against all Defendants;

2.     An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA;

3.     An award of pre-judgment and post-judgment interest, as provided by law;

4.     An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

5.     Such other relief that the Court deems appropriate.

As to the Second Cause of Action

6.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay all wages, including regular and overtime wages, due to Plaintiff and similarly situated employees;

7.     For general unpaid wages at the applicable wage rates and such general and special damages as may be appropriate;

8.     For pre-judgment interest on any unpaid wages commencing from the date such amounts were due;

9.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

10.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiff and similarly situated employees;

12.     That the Court make an award to the Plaintiff and similarly situated employees of one (1) hour of pay at each employee's regular rate of compensation for each workday that a compliant meal period was not provided;

13.     For all actual, consequential, and incidental losses and damages, according to

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1   proof;

2        14.    For premiums pursuant to California Labor Code § 226.7(b);

3        15.    For pre-judgment interest on any unpaid wages from the date such amounts were

4   due; and

5        16.    For such other and further relief as the Court may deem equitable and appropriate.

6                        As to the Fourth Cause of Action

7        17.    That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest

9   periods to Plaintiff and similarly situated employees;

10       18.    That the Court make an award to the Plaintiff and similarly situated employees of

11  one (1) hour of pay at each employee's regular rate of compensation for each workday that a

12  compliant rest period was not provided;

13       19.    For all actual, consequential, and incidental losses and damages, according to

14  proof;

15       20.    For premiums pursuant to California Labor Code § 226.7(b);

16       21.    For pre-judgment interest on any unpaid wages from the date such amounts were

17  due; and

18       22.    For such other and further relief as the Court may deem equitable and appropriate.

19                        As to the Fifth Cause of Action

20       23.    That the Court declare, adjudge and decree that Defendants violated California

21  Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and similarly situated

22  employees all compensation owed to them at the time of their termination of the employment;

23       24.     For all actual, consequential and incidental losses and damages, according to

24  proof;

25       25.    For statutory penalties pursuant to California Labor Code § 203; and

26       26.    For such other and further relief as the Court may deem equitable and appropriate.

27                        As to the Sixth Cause of Action

28       27.    That the Court declare, adjudge and decree that Defendants violated the record

**AEQUITAS LEGAL GROUP**
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PRIVATE ATTORNEYS GENERAL ACT**

keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and similarly situated employees, and willfully failed to provide accurate itemized wage statements thereto;

28.     For all actual, consequential and incidental losses and damages, according to proof;

29.     For statutory penalties pursuant to California Labor Code § 226(e);

30.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and

31.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

32.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay Plaintiff and similarly situated employees all wages due to them, including regular and overtime wages; failing to provide compliant meal and rest periods to Plaintiff and similarly situated employees; failing to pay premium wages when compliant meal and rest periods were not provided; failing to timely pay all wages due upon employees' resignation or termination under California Labor Code § 201 – 203; and failing to provide Plaintiff and similarly situated employees with compliant wage statements under California Labor Code § 226.

33.     For restitution of unpaid wages to Plaintiff and all similarly situated employees and prejudgment interest from the day such amounts were due and payable;

34.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

35.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

36.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and

37.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

38.     For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus attorneys' fees and costs;

39.     For civil penalties pursuant to California Labor Code § 558 in the amount of $50 per pay period for each initial violation and $100 per pay period for each subsequent violation, to all affected employees, in addition to an amount sufficient to recover underpaid wages; and

40.     For such other and further relief as the Court may deem equitable and appropriate.

Dated:  August 19, 2019                              AEQUITAS LEGAL GROUP

                                                     /s/  Ronald H. Bae
                                             By: _____
                                                     RONALD H. BAE
                                                     OLIVIA D. SCHARRER
                                             Attorneys for Plaintiff KRISTI DEL TORO,
                                             individually, and on behalf of other members
                                             of the general public similarly situated and
                                             other aggrieved employees

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PRIVATE ATTORNEYS GENERAL ACT