UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTI DEL TORO,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTENE CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-CV-05163-LHK<br><br>**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Defendant Centene Corporation and Defendant Envolve Pharmacy Solutions, Inc. ("Moving Defendants") bring a motion to dismiss Plaintiff Kristi Del Toro's ("Plaintiff") putative class action complaint. ECF No. 1. Moving Defendants further requested that the Court strike Plaintiff's fifth claim. *Id.* at 1. In the alternative, Moving Defendants requested that the Court transfer the case to the Eastern District of California. *Id.*

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part and DENIES as moot in part the motion to dismiss, DISMISSES in part Plaintiff's Complaint for lack of subject matter jurisdiction, and DENIES as moot Defendants' alternative requests to strike and to transfer the case.

## I. BACKGROUND

On August 19, 2019, Plaintiff Kristi Del Toro filed the instant suit on an individual basis and on behalf of putative classes of similarly situated individuals. ECF No. 1 ("Compl") at 1. Plaintiff's claims assert that Defendants Centene Corporation ("Centene"), Envolve Pharmacy Solutions, Inc. ("Envolve"), and US Script, LLC ("US Script") (collectively, "Defendants") violated federal law in connection with her employment application and various California laws in connection with the terms and conditions of her employment. *See id.* ¶¶ 19–52.

On October 21, 2019, Defendants Centene and Envolve (collectively, "Moving Defendants") filed the instant motion to dismiss. ECF No. 13 ("Mot.").[1] Moving Defendants requested that the Court strike one of Plaintiff's claims. *Id.* at 1. In the alternative, Moving Defendants requested that the Court transfer the instant case to the Eastern District of California. *Id.* On November 4, 2019, Plaintiff filed an opposition. ECF No. 16 ("Opp'n"). On November 12, 2019, Moving Defendants filed a reply. ECF No. 17 ("Reply").

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

---

[1] Moving Defendants' motion to dismiss contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b). Additionally, Moving Defendants' motion included a footnote that spanned almost half a page. *See* Mot. at 7–8 n.5. The Court disfavors excessively long footnotes.

2
Case No. 19-CV-05163-LHK
ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS

possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Plaintiff asserts eight claims for relief against Defendants. In Plaintiff's first claim, Plaintiff alleges that Defendants failed to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A). Compl. ¶¶ 53–63. Plaintiff's remaining claims allege various wage and hour violations under California law, which the Court refers to as the "state-law claims." *Id.* ¶¶ 64–125.

Defendants move to dismiss all eight claims. The Court first discusses Plaintiff's federal claim under the FCRA, and then discusses Plaintiff's state-law claims.

### A. Claim One: FCRA

In Plaintiff's first claim, Plaintiff alleges that Defendants violated the FCRA, 15 U.S.C. § 1681b(b)(2)(A), "by failing to provide Plaintiffs and class members with a clear and conspicuous written disclosure . . . that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure." Compl. ¶ 58. Plaintiff alleges that Defendants' "unlawful procurement of consumer reports by way of its inadequate disclosures" caused an injury: namely, the invasion of her "privacy and statutory rights." *Id.* ¶ 61.

Moving Defendants argue that the Court should dismiss this claim for two reasons. First, Moving Defendants argue the Plaintiff lacks standing. Mot. at 5–8. Second, Moving Defendants argue that Plaintiff fails to adequately plead that her claim has been brought within the two-year statute of limitations. Mot. at 8-9. Because the Court agrees with Moving Defendants' first argument that Plaintiff lacks standing, the Court need not address Moving Defendants' second argument.

The Ninth Circuit has held that in FCRA cases, a plaintiff has standing only if the plaintiff alleges more than a procedural violation of the FCRA. A plaintiff "may not show an injury-in-fact merely by pointing to a statutory cause of action." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Rather, a plaintiff must allege how "the specific procedural violations alleged in this case actually harm, or present a material risk of harm to," the interests protected by the FCRA. *Id.*

Specifically, on remand from the United States Supreme Court in *Spokeo*, the Ninth Circuit

4

held that the plaintiff had standing to pursue his FCRA claim because he had alleged that the FCRA violation had caused a concrete harm beyond just a procedural violation. *Id.* at 1118. The Ninth Circuit acknowledged that in many instances, "a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures." *Id.* at 1115–16. "In such a case, the statute would have been violated, but that violation alone would not materially affect the consumer's protected interests in accurate credit reporting." *Id.* at 1116. In contrast, the plaintiff had alleged more than just a procedural violation because he had alleged facts to show that the violation was "substantially . . . likely to harm his concrete interests." *Id.* at 1117. The plaintiff had alleged that his credit report contained false information about his age, wealth level, and employment background. *Id.* The plaintiff further claimed that he was "out of work and looking for a job," but that the false credit report "'caused actual harm to [his] employment prospects' by misrepresenting facts that would be relevant to employers." *Id.* The plaintiff also alleged that the dissemination of this false information caused him "anxiety, stress, concern, and/or worry about his diminished employment prospects." *Id.* Accordingly, the Ninth Circuit concluded that the plaintiff had alleged a concrete injury sufficient for Article III standing. *Id.* at 1118.

The Ninth Circuit has also addressed the interests protected by the specific FCRA disclosure requirements at issue in this case. *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). In *Syed*, the Ninth Circuit stated that the FCRA's disclosure requirements "create[ ] a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Id.* at 499. The plaintiff in *Syed* alleged such an injury because the plaintiff claimed that he "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute." *Id.* at 499–500. Thus, because the plaintiff had alleged the requisite concrete harm, the Court concluded that the plaintiff had Article III standing to bring the lawsuit. *Id.* at 500; *see also Mitchell v. WinCo Foods, LLC*, 743 F. App'x 889, 889 (9th Cir. 2018) (holding that under *Syed*, a

5
Case No. 19-CV-05163-LHK
ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS

plaintiff must "allege facts sufficient to support an inference of confusion" to establish standing based on a defendant's FCRA disclosure violation).

In fact, this Court has recently relied upon *Spokeo* and *Syed* to remand a claim under the exact FCRA provision at issue here, 15 U.S.C. § 1681b(b)(2), to state court for lack of Article III standing. *Arroyo v. J.R. Simplot Co.*, No. 18-CV-07187-LHK, 2019 WL 2338518 (N.D. Cal. June 3, 2019). In that case, the plaintiffs had pleaded that their injury was "having their privacy and statutory rights invaded." *Id.* at *1. The Court found such allegation insufficient to establish any concrete harm and remanded the case for lack of standing. *Id.* at *4.

So too here. Plaintiff alleges only a technical violation of the requirements of the FCRA without any accompanying concrete harm. The crux of Plaintiff's Complaint is that Defendants had failed to adequately disclose that they would procure a consumer report as part of her employment application, as required by the FCRA, 15 U.S.C. § 1681b(b)(2). Compl. ¶¶ 53–63. More specifically, Plaintiff alleges that, although Defendants did provide a disclosure, Defendants' disclosure was insufficient because it was embedded within other information and not in a standalone document. *Id.* ¶¶ 21–25. However, importantly, Plaintiff makes no allegation that the alleged procedural violation of 15 U.S.C. § 1681b(b)(2) "actually harm[ed], or present[ed] a material risk of harm" to, the interests protected by the FCRA. *Spokeo*, 867 F.3d at 1113. Plaintiff does not allege that she even read the forms at issue, or that the failure to provide a standalone disclosure confused her or affected her in any way. Nor does Plaintiff allege that she would not have provided authorization for such a form. The sole assertion in Plaintiff's Complaint is that the insufficient disclosure violated her "privacy and statutory rights." Compl. ¶ 61. This allegation of harm is therefore identical to the allegation in *Arroyo* that the Court found insufficient to give rise to standing. *See* 2019 WL 2338518, at *3. There, as here, the mere procedural violation without any allegation of concrete harm is insufficient for Article III standing. *See id.* at *4; *Spokeo,* 867 F.3d at 1116.

Plaintiff's arguments to the contrary miss the mark. Plaintiff argues in her opposition brief that she "allege[s] that she was deprived of information," but Plaintiff did not make any such

6

allegation in the Complaint. *See* Opp'n at 2. Plaintiff also cites a number of district court decisions from both this circuit and others, none of which are persuasive to the Court. *Id.* at 2–3. For example, a number of the cases cited by Plaintiff were decided *prior to* the Ninth Circuit's August 15, 2017 decision in *Spokeo*. Opp'n at 2 (citing *Demmings v. KKW Trucking, Inc.*, 2017 WL 1170856, at *7-8 (D. Oreg. Mar. 29, 2017); *Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 951053, at *1 (W.D. Wash. Mar. 10, 2017); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112, 1115 (2016)).

Moreover, Plaintiff cited a class certification decision, but the district court in that case later decertified the class for lack of standing. Opp'n at 2 (citing *Pitre v. Wal-Mart Stores, Inc.*, No. SA CV 17-01281-DOC (DFMx), 2019 WL 365897 (C.D. Cal. Jan. 17, 2019) (certifying class), *decertifying class*, 2019 WL 5294397 (Oct. 18, 2019). In *Pitre*, the court initially certified a class alleging an FCRA claim under 15 U.S.C. § 1681(b)(2)(A), the same statute at issue in the instant case. 2019 WL 365897, at *7. However, after the plaintiffs amended their class action complaint, the *Pitre* court decertified the class. 2019 WL 5294397, at *10. Reviewing the amended class action complaint, the court noted that the "only injury Plaintiffs identify" is that their "privacy and statutory rights [were] invaded in violation of the FCRA." *Id.* at *6. The court thus noted that the named plaintiffs did not have standing to pursue the FCRA claims because the plaintiffs merely suffered a "bare procedural violation." *Id.* at *6.

Accordingly, none of the district court decisions cited by Plaintiff provide any reason for the Court to deviate from its prior interpretation of *Spokeo* or *Syed*, which are binding Ninth Circuit decisions. *See Arroyo*, 2019 WL 2338518, at *2–3 (citing *Spokeo*, 867 F.3d at 1113; *Syed*, 853 F.3d 492).

Accordingly, the Court GRANTS Moving Defendants' motion to dismiss Plaintiff's FCRA claim. Because amendment would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiffs have not acted in bad faith, the Court grants Plaintiffs leave to amend this claim to allege facts that establish Plaintiff's Article III standing. *See Leadsinger*, 512 F.3d at 532; *Mitchell v. WinCo Foods, LLC*, 743 F. App'x 889, 889 (9th Cir. 2018) (reversing and

7

remanding case to district court to grant leave to amend FCRA claim to establish concrete injury).

**B. Claims Two through Eight: State-Law Claims**

Plaintiffs' remaining claims allege various wage and hour violations, such as failure to pay regular and overtime wages, failure to provide meal periods, and failure to timely pay wages upon termination. Compl. ¶¶ 64–125. As an initial matter, Plaintiff concedes that she may not pursue her fifth claim for failure to timely pay wages upon termination because she has not, in fact, been terminated. Opp'n at 12. Accordingly, Plaintiff's fifth claim is DISMISSED with prejudice.

As to the remaining state-law claims, although neither party discussed the Court's subject matter jurisdiction over these claims, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001). Plaintiff asserts that the Court has "supplemental jurisdiction over Plaintiff's California state claims under 28 U.S.C. § 1367." *Id.* ¶ 11. The Court disagrees. The Court first sets forth the standard for supplemental jurisdiction, before considering whether Plaintiff has adequately invoked the Court's supplemental jurisdiction over Plaintiff's state law claims.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, where the Court's original jurisdiction is premised on a federal claim under 28 U.S.C. § 1331, nonfederal claims are part of the same "case" when they "derive from a common nucleus of operative fact[s] and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Finley v. United States*, 490 U.S. 545, 549 (1989) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)), *superseded by statute on other grounds as stated in Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

Moreover, even where a court finds that it may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the same statute provides the court with discretion to decline to

exercise supplemental jurisdiction in certain scenarios. *See* 28 U.S.C. § 1367(c). Specifically, a district court has the discretion to decline supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* § 1367(c). Thus, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

Here, the only claim for which this Court has original jurisdiction is Plaintiff's federal claim under the FCRA. Plaintiff claims that "the state claims are related to FCRA claims, as they are related to Plaintiff's employment [so] that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*

In Plaintiff's FCRA claim, as discussed in detail above, Plaintiff claims that her job application embedded a required background-check disclosure in her application for employment. Compl. ¶¶ 21–25. Thus, it is clear from Plaintiff's Complaint that the FCRA claim is based entirely on a few pages of Plaintiff's employment application to work for Defendants, before Plaintiff was even hired. By its terms, the FCRA's disclosure requirements apply even to individuals that were not ultimately hired by a defendant. *See* 15 U.S.C. § 1681b(b)(2)(A). Plaintiff's putative FCRA class accordingly includes *all* individuals in the United States whose background report was procured by Defendants without proper disclosure, irrespective of whether they were ever employed by Defendants. *See* Compl. ¶ 15(a). By contrast, the remaining claims center upon Plaintiff's compensation for years *after* Plaintiff and other putative class members were hired in California. *See* Compl. ¶¶ 15(b), 20.

The Court cannot identify a single fact that overlaps between Plaintiff's federal FCRA claim and Plaintiff's California wage and hour claims, other than the identity of some of the parties. For example, in Plaintiff's Complaint, Plaintiff sets forth the common questions of law

9

1  and facts relevant to each claim. Compl. ¶ 18. The facts relevant to Plaintiff's FCRA claim focus
2  on "whether Defendants' provided a clear and conspicuous disclosure in writing before a
3  background report was procured," "whether Defendants' failures to comply with the FCRA were
4  willful," and the amount of statutory damages. *Id.* ¶ 18(a)–(d). The remaining facts supporting
5  her state law claims include, for example, whether Defendants paid "overtime hours at the correct
6  hourly rate," provided a "30-minute, duty-free meal break for every five hours of work," or
7  provided "accurate, itemized wage statements." *See id.* ¶ 18(e)–(m). Unsurprisingly, Plaintiff
8  proposes separate class definitions for the "FCRA Class" and the "California Labor Subclass."
9  *See* Compl. ¶ 15.

In light of these allegations, the Court cannot agree that the state-law claims derive from a "common nucleus of operative facts" as Plaintiff's FCRA claim[s]. *See Gibbs*, 383 U.S. at 725. Other courts have dismissed state wage and hour claims for lack of supplemental jurisdiction under the exact same circumstances. *See, e.g.*, *Perez v. Ensign Servs., Inc.*, No. 8:16-cv-1914-JLS-JCGx, 2017 WL 8181145, at *5–6 (C.D. Cal. Jan. 19, 2017) (dismissing state wage and hour claims "because they do not share a common nucleus of operative fact with [plaintiff's] FCRA claims"). The Court here too finds that, without the requisite nexus between the state claims and the FCRA claim, the Court may not properly exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Finally, even if the Court agreed that it *could* exercise supplemental jurisdiction over Plaintiff's state-law claims, the Court would decline to do so under the discretionary factors set forth in 28 U.S.C. § 1367(c). Specifically, the Court finds that the state-law claims would "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." *See* 28 U.S.C. § 1367(c)(2).

As stated above, the FCRA claim is limited in scope because it involves Defendants' two employment application forms that may have inadequately disclosed a background check. *See* Compl. ¶¶ 21–25. By contrast, Plaintiff's seven state-law claims would involve delving into the minutiae of Plaintiff's day-to-day employment with Defendants, such as her working hours, meal

10

breaks, pay statements, etc., going back as far as four years from the filing of the Complaint. *See* Compl. ¶¶ 15(b), 23–52. These extensive wage and hour claims would clearly take center stage over the comparatively straightforward FCRA claim. Furthermore, as discussed above, the state-law claims' fundamental lack of any nexus with the FCRA claim minimize any "judicial economy" or "convenience" that could arise from trying these claims together. *See Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) ("[D]istrict courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity."). As such, the Court would exercise its discretion to decline supplemental jurisdiction over Plaintiff's state-law claims even if they did arise from a common nucleus of operative facts as the FCRA claim.

In sum, the Court holds that it cannot exercise supplemental jurisdiction over Plaintiff's state-law claims, which is the only basis of jurisdiction over these claims alleged by Plaintiff. Compl. ¶ 11. Moreover, Plaintiff's Complaint does not plead any facts that would give rise to any other basis for the Court to exercise subject matter jurisdiction, e.g., diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Accordingly, the Court DISMISSES Plaintiff's state-law claims for lack of subject matter jurisdiction. With the exception of Plaintiff's fifth claim, which the Court dismissed with prejudice above, the Court GRANTS leave to amend the state-law claims in the event that Plaintiff is able to allege facts giving rise to another basis for the Court's exercise of subject matter jurisdiction. *See Leadsinger*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES all of Plaintiff's claims, except for her fifth claim, with leave to amend. The Court DISMISSES with prejudice Plaintiff's fifth claim for

---

[2] In their motion, Moving Defendants state that, "Defendants anticipate the potential for remand if the Court dismisses . . . Plaintiff's FCRA claim and thus, Defendants reserve their rights to remove this matter, including arguments under the Class Action Fairness Act [("CAFA")]." Mot. at 5 n.4. The Court notes that Plaintiff did not assert CAFA as a basis for jurisdiction in the Complaint, nor did Plaintiff allege facts to suggest that such basis for jurisdiction exists. Further, the parties did not brief CAFA jurisdiction in the instant motion. Accordingly, the Court need not address this basis for jurisdiction.

11
Case No. 19-CV-05163-LHK
ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS

failure to timely pay wages upon termination. The Court thus DENIES as moot Moving Defendants' alternative requests to strike and request to transfer the case.[3]

Plaintiffs shall file any amended complaint in accordance with this Order within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims without leave to amend. Plaintiffs may not add new causes of action or add new parties without stipulation or leave of the Court. Plaintiffs are directed to file a redlined complaint comparing the Complaint to any amended complaint as an attachment to Plaintiffs' amended complaint.

**IT IS SO ORDERED.**

Dated: April 2, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[3] The Court notes that, in any event, it would not be inclined to transfer this case to the Eastern District of California, which is experiencing an ongoing judicial emergency. *See, e.g.*, *Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California*, United States District Judge Dale A. Drozd ("[F]or the duration of this judicial emergency and absent further order of this court . . . no new trial dates will be scheduled in civil cases . . .").

12
Case No. 19-CV-05163-LHK
ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS