UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTI DEL TORO,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTENE CORPORATION, et al.,<br><br>        Defendants. | Case No. 19-CV-05163-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS FAIR CREDIT REPORTING ACT CLAIM**<br><br>Re: Dkt. No. 31 |

Plaintiff Kristi Del Toro ("Plaintiff") alleges that Defendants Centene Corporation ("Centene") and Envolve Pharmacy Solutions, Inc. ("Envolve") (collectively, "Defendants") have violated the Fair Credit Reporting Act ("FCRA") and various state wage and hour laws. Defendants move to dismiss Plaintiff's FCRA claim. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss Plaintiffs' FCRA claim.

**I.  BACKGROUND**

On August 19, 2019, Plaintiff Kristi Del Toro filed a putative class action lawsuit against Defendants Centene Corporation ("Centene"), Envolve Pharmacy Solutions, Inc. ("Envolve"), and US Script, LLC for violations of the Fair Credit Reporting Act ("FCRA") and various state wage

1

and hour laws. FAC ¶¶ 19–52.

Plaintiff has failed to serve Defendant US Script, LLC for over one year and has failed to provide any cause, much less good cause, for Plaintiff's failure to do so. Thus, pursuant to Federal Rule of Civil Procedure 4(m), the Court orders that by October 23, 2020 Plaintiff shall file (1) proof of service on Defendant US Script, LLC, or (2) a memorandum of points and authorities with a supporting declaration and exhibits establishing good cause for a short extension of time for such service. If Plaintiff fails to do either by October 23, 2020, the Court will dismiss Defendant US Script, LLC without prejudice pursuant to Rule 4(m).

On October 21, 2019, Centene and Envolve (collectively, "Defendants") filed their first motion to dismiss. ECF No. 13 ("First MTD"). Defendants moved to dismiss all eight of Plaintiff's claims. *Id.* at 1. Most relevant here, Defendants moved to dismiss Plaintiff's FCRA claim on two grounds: (1) lack of Article III standing, *id.* at 5–7; and (2) FCRA's statute of limitations, *id.* at 8–9. Defendants also moved to dismiss the Plaintiff's state wage and hour law claims on various merits grounds, and in the alternative, to transfer the instant case to the Eastern District of California. *Id.* at 9–20.

On April 2, 2020, the Court dismissed all of Plaintiff's claims then denied Defendants' motion to transfer as moot. ECF No. 22. Specifically, the Court dismissed Plaintiff's FCRA claim for lack of Article III standing with leave to amend. *Id.* at 7. As for Plaintiff's state wage and hour law claims, one claim was dismissed with prejudice as legally futile. As the Court reasoned, "Plaintiff [had] concede[d] that she may not pursue [that California law] claim for failure to timely pay wages upon termination because she has not, in fact, been terminated." *Id.* at 8.

The other six state wage and hour law claims were dismissed with leave to amend for lack of supplemental jurisdiction. *Id.* Specifically, Plaintiff's theory of federal jurisdiction was supplemental jurisdiction, and Plaintiff's FCRA claim was Plaintiff's only federal claim. The Court could exercise supplemental jurisdiction over Plaintiff's remaining state law claims if the state law claims shared a common nucleus of operative facts with the FCRA claim. However, the Court could not "identify a single fact that overlaps between Plaintiff's federal FCRA claim and

Plaintiff's California wage and hour claims, other than the identity of some of the parties." *Id.* at 9. The state law claims thus lacked a common nucleus of operative facts with the federal FCRA claim. *Id.* at 10. Moreover, even if the Court "could exercise supplemental jurisdiction over Plaintiff's state-law claims, the Court would decline to do so under the discretionary factors set forth in 28 U.S.C. § 1367(c)(2)." *Id.* at 10.

Given all these defects with the FCRA and state law claims, the Court warned that "failure to cure deficiencies identified herein *or identified in the [first] motion to dismiss*, will result in dismissal of the deficient claims without leave to amend." *Id.* at 12 (emphasis added). As relevant here, deficiencies identified in the first motion to dismiss included the untimeliness of Plaintiff's FCRA claim. *See, e.g.*, First MTD at 9 ("As for the five-year statute of limitations, Plaintiff fails to allege when Defendants obtained her consumer report."); ECF No. 22 (citing statute of limitations argument in first motion to dismiss, but dismissing on standing grounds). Lastly, the Court denied as moot Defendants' request to transfer the instant case. *Id.* at 12.

On May 5, 2020, Plaintiff filed her First Amended Complaint ("FAC"). ECF No. 27. Plaintiff realleged all the claims that the Court had dismissed with leave to amend, including the FCRA claim. *See* FAC ¶¶ 51–116. As for the state law claims, which the Court had dismissed for lack of supplemental jurisdiction, Plaintiff realleged those claims under a different jurisdictional theory: diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *Id.* ¶ 11.

On May 19, 2020, Defendants filed the instant motion to dismiss, which seeks to dismiss only the FCRA claim. ECF No. 31. On June 2, 2020, Plaintiff filed an opposition. ECF No. 33 ("Opp'n"). On June 9, 2020, Defendants filed a reply. ECF No. 34.

## II.   LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

1  quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

2  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

3  moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

4  (9th Cir. 2008).

### III.  DISCUSSION

Plaintiff's First Amended Complaint ("FAC") asserts seven claims against Defendants. Relevant here is Plaintiff's first claim, which alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A). FAC ¶¶ 51–61. Plaintiff's remaining claims allege various wage and hour violations under California law. *Id.* ¶¶ 62–116.

Defendants move to dismiss the FCRA claim as time-barred. Defendants do not move to dismiss Plaintiff's state law claims. *See* ECF No. 31 at 3 n.2. Moreover, the Court's previous ground for dismissing those claims—lack of supplemental jurisdiction—is now immaterial because the FAC invokes CAFA jurisdiction instead. *See* FAC ¶ 11; ECF No. 27-1 at 4 (complaint redline showing that Plaintiff has abandoned supplemental jurisdiction argument).

To prove that the FCRA claim is time-barred, Defendants ask the Court to incorporate by reference three documents that show when Defendants procured Plaintiff's consumer report. The timing of that procurement is dispositive. Thus, the Court analyzes (1) incorporation by reference of those documents; (2) the timeliness of Plaintiff's FCRA claim; and then (3) whether dismissal of the FCRA claim should be with prejudice.

### A.  Incorporation by Reference

Defendants ask the Court to incorporate by reference three documents: (1) Plaintiff's job application form, signed by Plaintiff on May 1, 2008; (2) Plaintiff's background check authorization and disclosure form, signed by Plaintiff on May 1, 2008; and (3) Plaintiff's consumer report, which Defendants procured on or before May 27, 2008. *See* ECF No. 30-1 at 1 (Emanuel Decl. ¶ 4); ECF No. 30-2 at 2 (request for incorporation).

A court may incorporate a document by reference into the complaint on two grounds: "if the plaintiff [1] refers extensively to the document or [2] the document forms the basis of the

5

Case No. 19-CV-05163-LHK
ORDER GRANTING MOTION TO DISMISS FAIR CREDIT REPORTING ACT CLAIM

plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), *cert. denied sub. nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019); *see also, e.g.*, *Ritchie*, 342 F.3d at 908 (holding that a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"). Here, both grounds hold true for Plaintiff's job application form, background check form, and consumer report.

First, Plaintiff "refers extensively to" all three documents in the First Amended Complaint. *Khoja*, 899 F.3d at 1002. The consumer report is referenced at length. *See, e.g.*, FAC ¶¶ 56 ("Defendants violated . . . the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure, before a *consumer report is procured* or caused to be procured . . . ."), 57 ("Defendants procured consumer reports or caused consumer reports to be *procured for Plaintiff* and class members . . . ."), 59 ("Plaintiff did not realize that language authorizing a procurement of consumer report as well as language releasing liability were in her job application . . . [she] would not have agreed to have *some or all of her consumer report* pulled if she understood exactly what she was signing.") (emphasis added). The job application form and background check form are quoted at length. *See, e.g.*, FAC ¶¶ 21 (application form), 24 (authorization form).

Second, all three documents "form the basis of" Plaintiff's FCRA claim. *Khoja*, 899 F.3d at 1002. Plaintiff's FCRA claim is that she "would not have agreed to have some or all of her consumer report pulled if she understood exactly what she was signing." FAC ¶ 59. In other words, Plaintiff claims that Defendants "fail[ed] to provide adequate written disclosure to applicants and employees before procuring consumer reports" on some unspecified date. *Id.* ¶ 57.

The documents that Defendants seek to incorporate by reference are the allegedly inadequate disclosures (dated May 1, 2008) and Plaintiff's consumer report, which Defendants procured on or before May 27, 2008. Critically, a FCRA claim of inadequate disclosure is "not perfected until a consumer report is obtained." *Ruiz v. Shamrock Foods Company*, 2018 WL

6

5099509, at *6 n.6 (C.D. Cal. Aug. 22, 2018), *aff'd*, 2020 WL 1320953 (9th Cir. Mar. 20, 2020). Once a consumer report is obtained, a FCRA plaintiff must bring an action within the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) *5 years after the date on which the violation* that is the basis for such liability *occurs.*" 15 U.S.C. § 1681p (emphasis added). Thus, if Plaintiff's consumer report was obtained by Defendants more than five years ago, Plaintiff's FCRA claim is time-barred. *See, e.g.*, *Brian M. v. Recontrust Co., N.A.*, 2012 WL467405, at *4 (E.D. Cal. Feb. 13, 2012) (dismissing FCRA claim as time-barred because plaintiff filed action about six years after consumer report was obtained), *report and recommendation adopted in part sub nom. Pavey v. Recontrust Co., N.A.*, 2012 WL 3393870 (E.D. Cal., Mar. 5, 2012).

In response, Plaintiff makes two arguments against incorporation by reference. Neither is persuasive. To start, Plaintiff argues that "[i]t is undisputed that no consumer report is attached to the FAC." Opp'n at 4 (citing *In re NVIDIA Corp. Secs. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014)). Yet the lack of an attachment is immaterial. As the *In re NVIDIA* Court held, a court may incorporate by reference all of a document if Plaintiff "rel[ies] on portions" of that document in the complaint. *In re NVIDIA*, 768 F.3d at 1058 n.10. In fact, a court may incorporate "materials that the complaint did not reference at all." *Khoja*, 899 F.3d at 1002 (discussing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)). Here, Plaintiff references her consumer report several times in the FAC and relies on allegations that Defendants pulled "some or all of her consumer report." *E.g.*, FAC ¶ 59.

Plaintiff's other argument is that "considering the consumer report would raise factual issues that cannot be decided at the pleading stage." Opp'n at 5. Specifically, Plaintiff speculates that Defendants may have obtained other reports, such as reports on Plaintiff's credit history and financials. *Id.* However, Plaintiff's own FAC belies her argument. The FAC alleges that Plaintiff did not "realize that language authorizing *a procurement* of consumer report as well as language releasing liability were in her job application." FAC ¶ 59 (emphasis added). If she had realized, the FAC alleges, Plaintiff "would not have agreed to have some or all of *her consumer report*

7

*pulled.*" *Id.* (emphasis added). This italicized language from the FAC speaks to one procurement of one report.

Indeed, the Ninth Circuit has rejected more plausible assertions that a defendant committed an additional and timely FCRA violation after a time-barred one. In *Carrington v. Santander Consumer USA, Inc.*, the Ninth Circuit rejected plaintiff's "speculat[ion] that [Defendant] Santander must have again furnished false information to Experian in late 2016—thereby triggering a new limitations period—simply because a February 2017 Experian credit report states that it was 'updated from Experian's processing' of the dispute [Plaintiff] Carrington filed regarding her Santander account in September 2016." 799 F. App'x 506, 508 (9th Cir. 2020) (original alteration omitted). Here, by contrast, nothing suggests that Defendants triggered a new limitations period by procuring another consumer report after May 27, 2008. To the contrary, even though Defendants argued in their first motion to dismiss that "Plaintiff fails to allege when Defendants obtained her consumer report," Plaintiff still fails to allege that Defendants procured her consumer report within five years of her bringing this action. First MTD at 9.

Moreover, Defendants authenticate Plaintiff's consumer report—and the timing of its procurement—with a sworn declaration. James Emanuel, Director of Compliance at Centene, avers that he reviewed Plaintiff's employment records and understands "the background check process and procedures that were followed in 2008 when new applicants, such as Plaintiff, applied for a job." ECF No. 30-1 (Emanuel Decl. ¶ 3) (extra space omitted). Emanuel's review of Plaintiff's employment records shows that Defendants procured Plaintiff's consumer report on or before May 27, 2008. *Id.* (Emanuel Decl. ¶ 4); *see* ECF No. 30-1 at 6–12 (Plaintiff's job application form dated May 1, 2008; background check form dated May 1, 2008; and consumer report with information no more recent than May 16, 2008). Nothing in Plaintiff's FAC possibly disputes the authenticity of the documents that Emanuel presents under oath.

Accordingly, the Court incorporates by reference Plaintiff's job application form, Plaintiff's background check form, and Plaintiff's consumer report.

### B. Untimeliness of FCRA Claim

FCRA's statute of limitations requires a FCRA plaintiff to bring suit within "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p; *see, e.g.*, *Brian M.*, 2012 WL467405, at *4 (dismissing FCRA claim as time-barred). The above documents make clear that FCRA's five-year statute of limitations bars Plaintiff's FCRA claim. *See Khoja*, 899 F.3d at 1003 ("[A] court 'may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" (original alterations omitted) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006))).

It is undisputed that Plaintiff's alleged FCRA violation occurred when Defendants procured Plaintiff's consumer report. *See Ruiz*, 2018 WL 5099509, at *6 n.6 (holding that a FCRA disclosure claim is "not perfected until a consumer report is obtained" and dismissing FCRA claim as time-barred). The documents show that on May 1, 2008, Plaintiff signed a job application form and background check form, both of which allegedly violated FCRA but authorized Defendants to procure Plaintiff's consumer report. ECF No. 30-1 at 4–18. On or before May 27, 2008, Defendants procured Plaintiff's consumer report. ECF No. 30-1 at 10–12 (consumer report with information no more recent than May 16, 2008); *see id.* at 2 (Emanuel Decl. ¶ 4) (averring that "consumer report was procured on or before May 27, 2008"). More than eleven years later, on August 19, 2019, Plaintiff filed her original complaint. ECF No. 1. Plaintiff's FCRA claim is thus time-barred.

### C. Dismissal of FCRA Claim with Prejudice

The remaining question is whether Plaintiff's FCRA claim should be dismissed with prejudice or leave to amend. Dismissal with prejudice is warranted when allowing amendment would be futile. *See Leadsinger*, 512 F.3d at 532; *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) ("Leave to amend need not be granted when an amendment would be futile."). "Granting leave to amend is futile where the added claim would be barred by the statute of limitations." *Shade v. Wells Fargo Bank*, 2009 WL 1704715, at *3 (E.D. Cal. Jun. 17, 2009) (citing *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 (9th Cir. 2003)). Thus, courts have dismissed

with prejudice time-barred FCRA claims. *See, e.g.*, *Datt v. Wells Fargo Bank, N.A.*, 2019 WL 5722384, at *4 (N.D. Cal. Nov. 5, 2019) ("[B]ecause the FCRA claim is time-barred, amendment would be futile."); *Willey v. J.P. Morgan Chase, N.A.*, 2009 WL 1938987, at *4 (S.D.N.Y. July 7, 2009) (same).

This Court follows suit. Granting leave to amend would be especially futile here for four reasons. First, Defendants' procurement of Plaintiff's consumer report is untimely by more than six years. Defendants procured Plaintiff's consumer report on or before May 27, 2008; Plaintiff brought this suit on August 19, 2019, more than eleven years later.

Second, Plaintiff was on notice that Plaintiff's First Amended Complaint must plead a timely FCRA claim. Defendants' first motion to dismiss—filed nearly a year ago—argued that "[a]s for the five-year statute of limitations, Plaintiff fails to allege when Defendants obtained her consumer report." First MTD at 9 (analyzing 15 U.S.C. § 1681p). Then the Court's April 2, 2020 Order Granting in Part and Denying as Moot in Part Motion to Dismiss warned that "failure to cure deficiencies identified herein *or identified in the [first] motion to dismiss*, will result in dismissal of the deficient claims without leave to amend." ECF No. 22 at 12 (emphasis added). Despite the Court's order requiring Plaintiff to cure the timeliness deficiency, Plaintiff failed to allege a timely FCRA claim in Plaintiff's First Amended Complaint. Plaintiff's failure underscores the futility of further leave to amend.

Third, Plaintiff's counsel had an independent Rule 11 obligation to investigate whether Plaintiff's claims are time-barred, and the Court assumes Plaintiff's counsel honored that obligation before bringing the instant lawsuit. *See, e.g.*, *Guevara v. Marriott Hotel Servs. Inc.*, 2013 WL 6172983, at *4 n.2 (N.D. Cal. Nov. 25, 2013) ("Because a reasonable inquiry would have revealed that Plaintiff's Title VII claim is time-barred, Plaintiff's counsel's conduct in pursuing this claim amounts to a violation of Rule 11."). Thus, if Plaintiff could allege a timely FCRA claim, Plaintiff should have done so in Plaintiff's August 19, 2019 original complaint or Plaintiff's May 5, 2020 First Amended Complaint. Plaintiff's failure to allege a timely FCRA claim in two different complaints demonstrates the futility of further leave to amend.

Lastly, the FAC alleges that Defendants procured one consumer report. As paragraph 59 of the FAC states, "Plaintiff did not realize that language authorizing *a procurement* of consumer report as well as language releasing liability were in her job application, . . . and would not have agreed to have some or all of *her consumer report pulled* if she understood exactly what she was signing." FAC ¶ 59 (emphasis added). "A procurement" and "some or all of her consumer report" speak to a single procurement and single report, not several. Defendants procured that report more than eleven years ago—making Plaintiff's FCRA claim more than six years untimely.

Thus, the Court finds that further amendment is futile. Moreover, Defendants have already filed two motions to dismiss asserting that Plaintiff's FCRA claim is time barred. Requiring Defendants to file yet a third motion to dismiss Plaintiff's FCRA claim for untimeliness will unduly prejudice Defendants and cause undue delay. *See Leadsinger*, 512 F.3d at 532. Defendants' second motion to dismiss does not seek to dismiss Plaintiff's state law claims. It is time to settle the pleadings and proceed with litigation on the state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's FCRA claim with prejudice.

Moreover, the Court ORDERS that by October 23, 2020 Plaintiff shall file (1) proof of service on Defendant US Script, LLC, or (2) a memorandum of points and authorities with a supporting declaration and exhibits establishing good cause for a short extension of time for such service. If Plaintiff fails to do either by October 23, 2020, the Court will dismiss Defendant US Script, LLC without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: October 14, 2020

_____
LUCY H. KOH
United States District Judge