# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**KRISTI DEL TORO**, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees,

      Plaintiff,

      vs.

**CENTENE CORPORATION**, et al.,

      Defendants.

CASE NO.  19-cv-05163-YGR

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 93

On October 4, 2022, the Court held a hearing on plaintiff Kristi Del Toro's motion for preliminary approval of the parties' proposed settlement; provisional certification of the Settlement Class; appointment of plaintiff's counsel as Settlement Class Counsel; approval of the proposed Notice Plan; approval of the proposed settlement administrator; and to set a date for the hearing on final approval of the settlement. (Dkt. No. 93.)

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the motion, as stated more fully here.

## I.    Conditional Certification of the Class

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> "Class" shall mean all California-based employees of Defendants employed from August 19, 2015 through July 15, 2021 ("Class Period"), in the following positions as identified in Centene's HRIS system: (1) all non-exempt employees who were Customer Service Representatives or other non-exempt call center workers; and (2) all non-exempt employees working in Fresno.

> (Ex. A at § A., Definitions.)

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *See Hanlon v. Chrysler Corp.*, 150

United States District Court
Northern District of California

F.3d 1011, 1026 (9th Cir. 1998). Plaintiff brought the following causes of action: violation of California Labor Code sections 510, 1194 and 1198 for failure to pay overtime wages, 226.7 and 512(a) for failure to provide and compensate meal and rest periods, 226(a) for failure to provide accurate wage statements, 2800 and 2802 for failure to reimburse for work related costs; violation of California Business and Professional Code sections 17200 *et seq.* for conducting unfair and unlawful business practices; and a claim under the Private Attorney Generals Act ("PAGA"). (*See* Dkt. No. 92, Amended Complaint ("Comp."). The focus of this action is common to all class members, namely whether defendants failed to comply with the above stated labor code sections.

Rule 23(a)(3) requires plaintiff show that the claims or defenses of the representative party is typical of the claims or defenses of the class. Plaintiff's and members of the Settlement Class's claims all stem from the same alleged conduct, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds that the representative party and her counsel have fairly and adequately represented the interests of the Settlement Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Plaintiff's counsel are well versed in this area of the law and have demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore are therefore qualified to act as Class Counsel.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and a class action is superior to other available methods for fairly and efficiently adjudicating the claims here.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

**2. Class Representatives and Class Counsel**

Plaintiff Del Toro is appointed the Class Representative. She appears to have no conflict of interest with the Settlement Class, has furthered the interests of the class through her participation in this action, and has suffered the same alleged injuries as all Settlement Class members.

The Court appoints Aequitas Legal Group, PC, Righetti Glugoski, PC, and Nathan & Associates, APC, as Class Counsel. Counsel have demonstrated they have extensive experience in wage-and-hour class actions. They have conducted extensive investigation throughout the litigation and settlement process of this and the action *Foon v. Centene Management Company, LLC, et al.*, Eastern District of California Case No. 2:19-cv-01420-MCE-AC (filed on June 20, 2019).

**3. Settlement Agreement**

In summary, the settlement will provide $2,100,000, which is inclusive of costs and payment to the Labor & Workforce Development Agency. The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Settlement Class appears to be adequate, taking into account:

(i) the costs and risks associated with trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3) (in this case, none).

Moreover, the Settlement Agreement appears to treat class members equitably relative to each other.

Accordingly, the Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the class and for setting a Fairness and Final Approval Hearing.

**4. Plan of Allocation**

The Court preliminarily approves the proposed plan of allocation. Members are not required to submit a claim to receive payment. Each member's compensation amount will be determined based on a formula that considers workweeks worked during the class period. (*See* Ex. A at § D.6(a)-(b)). The estimated average per member recovery is $2,961.58.

*// //*

United States District Court
Northern District of California

**5. Notice Plan**

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the form of the proposed Class Long Notice attached as **Exhibit A1** to this Order. The notice is sufficient to inform Settlement Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing and is therefore **APPROVED**.

**6. Settlement Administrator**

ILYM Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

Defendants shall provide to the Settlement Administrator the Settlement Class members' contact data as specified by the Settlement Agreement within **21 calendar days** of this order. Within **14 calendar days** of receipt of the class list, the Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein.  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

**7. Exclusion/Opt-Out**

Any Settlement Class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator no later than **45 calendar days** from the date the Notice was first mailed.  Requests for exclusion must be in writing and must set forth the name and address of the person who wishes to be excluded, and must be signed

4

by the Settlement Class member seeking exclusion.

Any Settlement Class member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement Agreement.

**8.  Objections**

Any Settlement Class member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative awards by sending to the Court a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **45 calendar days** from the date the Notice was first mailed.  Failure to submit a timely written objection will preclude consideration of the Settlement Class member's later objection at the time of the Fairness Hearing.

**9.  Release**

The release terms appear fair and reasonably tailored.  As stated at the hearing, it was not clear to the Court from plaintiff's briefing why the release period was longer than the class period. Counsel is advised that its motion for Final Approval must include the more detailed explanation of why this discrepancy is fair and reasonable discussed at the hearing.

**10. Attorneys' Fees and Class Representative Awards**

Counsel is reminded that the Court does not typically award 30% of the gross settlement fund as fees and that any request for the same will need to be accompanied by detailed time records.  As the Court stated at the hearing, given the appointment of three firms and that counsel worked on separately settled actions, the motion for attorney fees and costs must clearly indicate that counsel does not seek fees for duplicative work or for work fully compensated in the *Foon* action.

Each Settlement Class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court as stated in paragraph 8 above.

**11.  Fairness and Final Approval Hearing**

The Court will conduct a Fairness and Final Approval to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards. Class counsel shall schedule the Final Approval Hearing for no less than **35 days** from the date of filing the motion for final approval. The hearing shall be scheduled on the Court's regular law and motion calendar.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**12.  Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

| Key Dates | |
|---|---|
| Deadline for Defendants to Submit Class List and Data to Settlement Administrator | **Twenty-one (21) calendar days after the Preliminary Approval Order** |
| Deadline for Settlement Administrator to Mail the Notice Packet to Class Members | **Fourteen (14) calendar days after Defendants provide the Settlement Administrator with the Class List and Data** |
| Deadline for Settlement Administrator to Mail Reminder Post-Cards to Class Members | **Not more than thirty (30) calendar days (nor fewer than twenty-five (25) days) after mailing of Notice Packets to Class Members** |

| | |
|---|---|
| Deadline for Class Members to Submit Opt-Out Forms or Objections to Settlement | **Forty-five (45) calendar days after mailing of Notice Packets to Class Members** |
| Hearing on: Motion for Final Approval of Class Action Settlement; Motion for Award of Class Representative Enhancement Award, Settlement Administrator's Expenses and Attorneys' Fees and Costs | **No less than 35 days from the date of filing the motion for final approval.** |

IS SO ORDERED.

This terminates docket number 93.

Dated: October 7, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

1  Ronald H. Bae (SBN 186826)
   Olivia D. Scharrer (SBN 291470)
2  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
3  1156 E. Green Street, Suite 200
   Pasadena, California 91106
4  Telephone:     (213) 674-6080
   Facsimile:      (213) 674-6081
5

6  Attorneys for Plaintiff KRISTI DEL TORO
   and the Settlement Class
7

8  (*Additional counsel on the following page*)

9
                    **UNITED STATES DISTRICT COURT**
10
            **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**
11

12  KRISTI DEL TORO, individually, and on          **Case Number:   4:19-cv-05163-YGR**
    behalf of other members of the general public
13  similarly situated and other aggrieved          [Honorable Yvonne Gonzalez Rogers]
    employees,
14
                                                    **FIRST AMENDED JOINT STIPULATION
15                Plaintiff,                         OF CLASS ACTION AND PAGA
                                                    SETTLEMENT**
16         vs.

17
    CENTENE CORPORATION, a Delaware
18  corporation; ENVOLVE PHARMACY
    SOLUTIONS, INC., a Delaware corporation;
19  US SCRIPT LLC (dba US SCRIPT, INC.), a
    Delaware limited liability company; and
20  DOES 1 through 10, inclusive,

21
                  Defendants.
22                                                  [Complaint filed:   August 19, 2019]

23

24

25

26

27

28

DocuSign Envelope ID: B01E2159-EBAE-4F40-A461-D4BBB7F68B53

1  Matthew Righetti, Esq. State Bar No. 121012
   John Glugoski, Esq. State Bar No. 191551
2  RIGHETTI GLUGOSKI, P.C.
   456 Montgomery Street, Suite 1400
3  San Francisco, CA 94101
   Telephone: (415) 983-0900
4  Facsimile: (415) 397-9005
   Email: matt@righettilaw.com
5  Email: jglugoski@righettilaw.com
6
7  Reuben D. Nathan, Esq. (SBN: 208436)
   rnathan@nathanlawpractice.com
8  NATHAN & ASSOCIATES, APC
   2901 W. Coast Highway, Suite 200
9  Newport Beach, California 92663
   Telephone: (949) 270-2798
10 Facsimile: (949) 209-0303
11
   Attorneys for Plaintiff KRISTI DEL TORO
12 and the Settlement Class
13
14 Keith A. Jacoby, Bar No. 150233
   kjacoby@littler.com
15 Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
16 Demery Ryan, Bar No. 217176
   dryan@littler.com
17 LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
18 Los Angeles, California 90067
   Telephone:    (310) 553-0308
19 Facsimile:    (310) 553-5583
20
21 Attorneys for Defendants CENTENE
   CORPORATION, CENTENE
22 MANAGEMENT COMPANY, LLC,
   ENVOLVE PHARMACY
23 SOLUTIONS, INC., and US SCRIPT, LLC
24
25
26
27
28

-1-

IT IS HEREBY STIPULATED AND AGREED, between Plaintiff KRISTI DEL TORO and the Settlement Class (as defined below), on the one hand, and Defendants CENTENE CORPORATION; CENTENE MANAGEMENT COMPANY, LLC; ENVOLVE PHARMACY SOLUTIONS, INC.; and US SCRIPT LLC, on the other, subject to the approval of the Court, that the settlement of this action shall be effectuated upon and subject to the following terms and conditions.

A.    **DEFINITIONS**

As used in this Joint Stipulation of Settlement of Class Action ("Joint Stipulation"), the following terms shall have the meanings specified below.  To the extent terms or phrases used in this Joint Stipulation are not specifically defined below, but are defined elsewhere in the Joint Stipulation, they are incorporated by reference into this definition section.

"Action" or "Lawsuit" shall mean the above-entitled class and representative action, entitled *Del Toro v. Centene Corp., et al.,* Northern District of California Case No. 4:19-cv-05163-YGR.

"Agreement," "Stipulation," "Joint Stipulation," "Stipulation of Settlement," "Settlement Agreement," or "Stipulation and Agreement" shall mean this Joint Stipulation, including any attached exhibits.

"Class" shall mean all California-based employees of Defendants employed from August 19, 2015 through July 15, 2021 ("Class Period"), in the following positions as identified in Centene's HRIS system: (1) all non-exempt employees who were Customer Service Representatives or other non-exempt call center workers; and (2) all non-exempt employees working in Fresno.

 "Class Counsel" shall mean Ronald H. Bae and Olivia D. Scharrer of Aequitas Legal Group, A Professional Law Corporation, located at 1156 E. Green Street, Suite 200, Pasadena, California 91106; Matthew Righetti and John Glugoski of Righetti Glugoski, P.C., located at 456 Montgomery Street, Suite 1400, San Francisco, California 94101; and Reuben D. Nathan of Nathan & Associates, APC, located at 2901 W. Coast Highway, Suite 200, Newport Beach, California 92663.

"Class Member," "Settlement Class Member" or "Settlement Class" shall mean any person

1  who is a member of the Class or, if such person is incompetent or deceased, the person's legal

2  guardian, executor, heir, or successor in interest.

3      "Class Notice" shall mean the Notice of Class Action Settlement, as set forth in the form of

4  **Exhibit 1** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class

5  Members and PAGA Employees as part of the Notice Packet (defined below).

6      "Class Participant(s)" shall mean any and all Class Members except those who timely

7  request exclusion (i.e., who elect to "opt out") as provided herein.

8      "Class Period" is August 19, 2015 to July 15, 2021.

9      "Class Representative" and "Named Plaintiff" shall mean Plaintiff KRISTI DEL TORO.

10     "Class Settlement" or "Settlement" shall mean the settlement embodied in this Joint

11  Stipulation, which is subject to Court approval.

12     "Complaint" shall mean the operative Second Amended Complaint filed in the above-

13  entitled case consistent with this Agreement.  Plaintiff will amend the Complaint further if

14  required by the Court to effectuate the released claims stated herein.

15     "Court" shall mean the United States District Court for the Northern District of California.

16     "Defendants" shall mean CENTENE CORPORATION; CENTENE MANAGEMENT

17  COMPANY, LLC; ENVOLVE PHARMACY SOLUTIONS, INC.; and US SCRIPT LLC.

18     "Defense Counsel" or "Counsel for Defendants" shall mean the law firm of Littler

19  Mendelson, P.C. located at 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

20     "Effective Date" shall mean the date this Agreement is approved as provided herein and the

21  Court's order granting Final Approval and entry of Judgment becomes final and is no longer

22  appealable.  For purposes of this Agreement, "becomes final and is no longer appealable" shall mean

23  the later of: (a) the day after the last date by which a notice of appeal to the applicable Court of

24  Appeal of the order and judgment approving this Agreement may be timely filed and none is filed

25  (i.e., 61 days from notice of entry of judgment); (b) if an appeal is filed, and the appeal is finally

26  disposed of by ruling, dismissal, denial, or in a any other manner that confirms the validity of the

27  order and judgment, the day after the last date for filing a request for further review of the order and

28  judgment approving this Agreement passes, and no further review is requested; or (c) if an appeal

is filed and the order approving this Agreement is affirmed and further review of the order is requested, the day after the review is finally resolved and the order and judgment approving this Agreement is affirmed.

"Final Approval Date" shall mean the date upon which the Court enters an Order approving the Class Settlement, after having determined that the Class Settlement is fair, adequate, and reasonable to the Class as a whole, following: (i) notice to the Class; (ii) an opportunity to submit timely exclusion or objections to the non-PAGA portion of the Settlement; and (iii) a hearing on the fairness of the terms of the Settlement.

"Final Approval Hearing" shall mean the final hearing held by the Court to ascertain the fairness, reasonableness, and adequacy of the Class Settlement.

"Individual PAGA Payment" shall mean the pro-rata share of the PAGA penalties allocated to the settlement of the PAGA Claims to which each PAGA Employee is entitled from the PAGA Fund based on the number of pay periods they worked during the PAGA Period, as described in Section D.5 below (PAGA Fund and Payment to Labor and Workforce Development Agency).

"Individual Class Settlement Payment" shall mean the amount to be distributed to any and each Class Participant as described in Section D.6 below (Class Participant Distribution Formula).

"LWDA" means the California Labor and Workforce Development Agency.

"Net Settlement Amount" means the Total Settlement Amount less the Settlement Administrator's Expenses, the Class Representative's Service Payment, the PAGA Fund, and Class Counsel's attorneys' fees (not to exceed 30% of the Gross Settlement Amount) and costs, subject to approval by the Court.

"Non-Exempt Workweeks" shall mean workweeks worked as a non-exempt employee as defined in the definition of "Class" (see *infra*), namely "(1) all non-exempt employees who were Customer Service Representatives or other non-exempt call center workers; and (2) all non-exempt employees working at the Fresno location."

"Notice Packet" shall mean the Notice of Class Action Settlement and Opt-Out Form, collectively, attached hereto as **Exhibits 1 and 2** respectively.

1    "Opt-Out(s)" shall mean any and all persons who timely and validly request exclusion

2    from the Settlement of the Released Class Claims in accordance with the terms of the Class

3    Notice. Notwithstanding the submission of a timely request for exclusion, PAGA Employees will

4    still be bound by the settlement and release of the Released PAGA Claims or remedies under the

5    Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Requests for exclusion do

6    not apply to the Released PAGA Claims, and will not be effective to preclude the release of the

7    Released PAGA Claims.

8    "Opt-Out Form" or "Exclusion Form" shall mean a document that the Class Member is

9    required to mail to the Settlement Administrator, as set forth in the form of **Exhibit 2** attached

10   hereto, postmarked no later than the date indicated on the Class Notice, to exclude himself or

11   herself from the non-PAGA portion of the Settlement.

12   "Parties" shall mean the Class Representative and Defendants.

13   "PAGA" means the California Labor Code Private Attorneys General Act, California Labor

14   Code §§ 2698 *et seq.*

15    "PAGA Employees" shall mean all California-based employees of Defendants employed

16   from May 10, 2018 through July 15, 2021 ("PAGA Period"), in the following positions as

17   identified in Centene's HRIS system: (1) all non-exempt employees who were Customer Service

18   Representatives or other non-exempt call center workers; and (2) all non-exempt employees

19   working in Fresno.

20   "PAGA Claims" shall mean all claims for penalties under the PAGA that were actually

21   alleged or that could have been alleged in the Action by Plaintiff in the operative Complaint or in

22   the LWDA letters, based on the allegations in the Complaint and the LWDA letters, from May 10,

23   2018 through December 31, 2021.

24   "PAGA Fund" means the gross amount of $105,000 which the parties have allocated for

25   PAGA penalties for alleged Labor Code violations.  Seventy-five percent of the PAGA Fund (i.e.,

26   $78,750) shall be paid to the LWDA, and the remaining twenty-five percent (i.e., $26,250) shall be

27   paid to PAGA Employees.

28   "PAGA Period" means the period from May 10, 2018 through July 15, 2021.

1    "Participating Settlement Employees" means all Class Participants and PAGA Employees.

2    "Preliminary Approval" means the Court Order preliminarily approving this Joint

3    Stipulation, authorizing the mailing of the Notice Packet by the Settlement Administrator, and

4    setting the date of the Final Approval Hearing.

5    "Preliminary Approval Date" means the date upon which the Court preliminarily approves

6    this Stipulation, pending notice, an opportunity to submit objections, and a fairness hearing

7    thereon.

8    "Preliminary Approval Hearing" shall mean the hearing held on the motion for preliminary

9    approval of the Class Settlement.

10    "Released Class Claims" means any and all claims, rights, demands, liabilities, and causes

11    of action, whether known or unknown, arising from the same set of operative facts as those set

12    forth in the operative Complaint, or in Plaintiff's LWDA letters, including those claims which

13    could have been asserted based on the facts alleged in the operative Complaint or LWDA letters,

14    through the Release Period, including claims for: failure to provide rest periods and meal periods;

15    failure to pay minimum, regular, and overtime wages; failure to timely pay wages during

16    employment and/or upon termination; improperly itemized wage statements; unreimbursed

17    business expenses; unfair competition; and violations of the Private Attorneys General Act.

18    "Released PAGA Claims" means all PAGA Claims that were actually alleged or could

19    have been alleged based upon the facts set forth in the operative Complaint or based upon the facts

20    set forth in the May 10, 2019 and August 14, 2019 LWDA letters by the named Plaintiff on behalf

21    of the State of California, herself, and the PAGA Employees. The release of the Released PAGA

22    Claims shall be effective from May 10, 2018 through December 31, 2021.

23    "Released Parties" shall mean Defendants and any of their former and present parents,

24    subsidiaries, affiliates, insurers, insurance policies, and benefit plans; each of the former and

25    present officers, directors, employees, equity holders (partners, shareholders, holders of

26    membership interests, etc.), agents, representatives, administrators, fiduciaries, and attorneys of

27    the entities and plans described in this sentence; and any other predecessors, successors,

28    transferees, and assigns of each of the persons and entities described in this sentence ("Released

1   Parties") through the Release Period.

2        "Release Period" means the period from August 19, 2015 through December 31, 2021.

3        "Service Payment" shall mean any additional monetary payment provided to the Class

4   Representative for her efforts on behalf of the Class.

5        "Settlement Administrator" shall mean the company known as ILYM Group, Inc., a

6   qualified, third-party settlement administrator which the Parties have agreed will be responsible

7   for administration of the Settlement and related matters.

8        "Settlement Administrator's Expenses" means all costs and expenses relating to the

9   administration of the Settlement, including without limitation, address verification measures,

10  formatting, preparing, and mailing of Notice Packets, accounting for opt-outs and objections,

11  calculation and determination of payments to Participating Settlement Employees, accounting and

12  maintenance of Settlement Fund Account (defined below), posting the necessary information (i.e.,

13  regarding the judgment) on the administrator's website, preparation of a report to the Court

14  indicating the total amount that was actually paid to Participating Settlement Employees,

15  administration and payment of unclaimed and/or uncashed checks pursuant to California Code of

16  Civil Procedure § 384 and Federal Rule of Civil Procedure Rule 23(e), preparation and issuance of

17  checks to Class Counsel for attorneys' fees and costs, preparation and issuance of the checks to

18  Representative Plaintiff for her Service Payment, calculation and remitting of payroll taxes to the

19  appropriate federal and state tax authorities, and submission of all tax-related documents and any

20  other costs incidental to or associated with the claims administration of this Settlement, all

21  pursuant to the terms of this Agreement.

22        "Settlement Fund Account" shall mean the Qualified Settlement Fund, as defined by the

23  Internal Revenue Code, established pursuant to the terms of this Joint Stipulation from which all

24  monies payable under the terms of this Stipulation shall be paid, as set forth herein.

25        "Settling Parties" shall mean the Class Representative, the Class, PAGA Employees, and

26  Defendants.

27        "Total Settlement Amount" or "Total Settlement Payment" shall mean the total amount

28  that Defendants will pay to resolve this Action, which is Two Million One Hundred Thousand

1   Dollars ($2,100,000), which includes the payments to the Class, the payments to the PAGA

2   Employees, the Settlement Administrator's Expenses, the Class Representative Service Payment,

3   the payment to Labor and Workforce Development Agency for PAGA penalties, and Class

4   Counsel's attorneys' fees and costs.  Defendants will pay their share of applicable employer-side

5   payroll taxes on the wage portion of the Settlement payments separately and in addition to the

6   Total Settlement Amount.  In no event will Defendants be required to pay more than the Total

7   Settlement Amount as part of this Agreement, except for the employer-side payroll taxes.

8   **B.      PRE-TRIAL PROCEEDINGS AND NEGOTIATIONS**

9           **1.      Investigation, Discovery, and Research**

10          Class Counsel have conducted investigation, discovery, and research during the

11  prosecution of the Action.  Such efforts included, among other things: (a) conducting a thorough

12  pre-filing investigation; (b) propounding a comprehensive set of written discovery requests; (c)

13  inspecting and analyzing data and documents produced by Defendants pertaining to Plaintiff and

14  the putative class members and PAGA Employees; (d) interviewing putative class members and

15  PAGA Employees; (e) analyzing the legal arguments made by Defendants; (f) preparing an

16  analysis of potential class-wide damages/PAGA penalties and constructing a damages model; and

17  (g) researching the applicable law with respect to the claims asserted in this Action and the

18  potential defenses thereto.  Thus, the Parties have engaged in sufficient investigation, discovery,

19  and research to assess the relative merits of the claims of the Class and PAGA Employees and of

20  Defendants' defenses.

21          **2.      Allegations of the Class/PAGA Employees and Benefits of Settlement**

22          The investigation and discovery conducted in this matter were adequate to give the

23  Plaintiff and Class Counsel a sound understanding of the merits of their position and to evaluate

24  the worth of the claims the Class/PAGA Employees.  This Settlement was reached after arm's-

25  length bargaining by the Parties with the assistance of an experienced mediator, and after Class

26  Counsel thoroughly reviewed all relevant evidence.  The information obtained from investigation

27  and discovery as well as information exchanged for mediation was sufficient to assess reliably the

28

merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.

Plaintiff and Class Counsel believe that the causes, allegations, and contentions asserted in the Action have merit. However, they recognize and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Class Counsel have taken into account the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty maintaining the Action as a class action. Class Counsel are also mindful of the inherent problems of proof under, and possible defenses to, the claims alleged in the Action. Class Counsel believe that the Settlement set forth in this Joint Stipulation confers substantial benefits upon the Class, LWDA and PAGA Employees, and that an independent review of this Joint Stipulation of Settlement by the Court in the approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel have determined that the Settlement set forth in the Stipulation is in the best interest of the Class Representative and the members of the Settlement Class.

### 3.    Defendants' Denial of Wrongdoing

Defendants have denied and continue to deny generally each and all of the claims and contentions alleged by the Plaintiff in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Nonetheless, Defendants have concluded that the further litigation of the Action would be protracted and expensive and determined that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Joint Stipulation in order to limit further expense, inconvenience, uncertainty, and distraction. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties. This Settlement and the fact that Parties were willing to settle the Action will have no bearing on, and will not be

admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to this Agreement).

### 4. Intent of the Settlement

The Class Settlement set forth herein intends to achieve the following: (1) entry of an Order approving the terms of this Joint Stipulation and granting the monetary relief set forth herein to the Participating Settlement Employees; (2) entry of judgment; and (3) discharge of Released Parties from liability for any and all of the Released Class Claims and Released PAGA Claims.

## C. PROCEDURAL ISSUES

### 1. Binding Settlement

This Settlement Agreement shall bind the Parties, all PAGA Employees as to the release of Released PAGA Claims, and all Class Participants as to Released Class Claims, subject to the terms and conditions herein and the Court's approval.

### 2. Preliminary Approval

Class Counsel will submit this Joint Stipulation to the Court along with the Motion for Preliminary Approval of Class Action Settlement. Plaintiff will provide a draft of the Motion to Defendants at least 3 business days in advance of filing for review and comment. In connection with their filing of the Motion for Preliminary Approval, Plaintiff and Class Counsel shall notify the LWDA of the existence of the Settlement. In addition, Class Counsel shall submit in connection with the Motion for Preliminary Approval a proposed Second Amended Complaint, which names Centene Management Company, LLC as a Defendant. In the event that Preliminary Approval is not granted, then the Second Amended Complaint shall not be filed or deemed filed.

### 3. Qualified Stipulation to Class Certification

The Parties stipulate to class certification for purposes of settlement only. Defendants contend that the facts do not justify class certification under the governing legal standards. The Court has not ruled on class certification in the underlying litigation. Consequently, a Settlement Class will be established for purposes of administration and resolution of this matter only. It is not, and it should not be construed as, any admission of fact or law in this matter or any other

matter that class certification is appropriate. If the Court does not grant either preliminary or final approval of this Settlement, then the Parties will revert to their previous positions and Defendants will not stipulate to class certification.

### 4. Settlement Administrator

The third-party company known as ILYM Group, Inc. will act as the Settlement Administrator. The Settlement Administrator will perform address verification measures, formatting, preparing, translating and mailing of the Notice Packets; accounting for Opt-Outs and objections; calculation and determination of payments to Participating Settlement Employees; accounting and maintenance of Settlement Fund Account; posting of the necessary information (i.e., regarding the judgment) on the administrators' website; resolution of any differences between Defendants' payroll records and information provided by Participating Settlement Employees; distribution of payments to Participating Settlement Employees; preparation of a report for the Court indicating the total amount that was actually paid to Participating Settlement Employees; administration and payment of unclaimed and/or uncashed checks pursuant to California Code of Civil Procedure § 384 and Federal Rule of Civil Procedure Rule 23(e); preparation and issuance of checks to Class Counsel for attorneys' fees and costs; preparation and issuance of the checks to the Class Representative for her Service Payment; calculation and remitting of payroll taxes to the appropriate federal and state tax authorities; administration and submission of all tax-related documents concerning the Settlement; and any other issues related to the Settlement administration.

On a weekly basis, the Settlement Administrator will provide reports to Class Counsel and Defendants' Counsel to provide an update as to the number of Opt-Out Forms as well as any disputes or objections submitted by Class Members or PAGA Employees. The Settlement Administrator will serve on Class Counsel and Defendants' Counsel via e-mail date-stamped copies of the original Opt-Out Forms, challenges, and objections no later than five (5) court days after their receipt. The Settlement Administrator will provide the Parties with a declaration setting forth the results of the settlement administration no later than five (5) court days after the end of the Opt-Out period. The Settlement Administrator will provide a draft declaration for review and

1  comment prior to finalizing it.

2      All fees and costs of the Settlement Administrator for administration of the Settlement

3  shall be paid from the Total Settlement Amount.  The costs of the settlement administration will

4  not exceed $15,000.

5          **5.     Notice to Class Members and PAGA Employees**

6      Notice shall be provided to Class Members and PAGA Employees in the following

7  manner:

8      Within twenty-one (21) calendar days of Preliminary Approval of the Settlement,

9  Defendants shall provide the Settlement Administrator with the names, last known mailing

10  address, last known telephone number (if available), social security number, and the respective

11  workweeks that each Class Member worked during the Class Period, and the number of pay

12  periods worked by each PAGA Employee in the PAGA Period in a readable MS Excel

13  spreadsheet (collectively "Class List and Data").  The Class List and Data will be used for

14  settlement notification and settlement administration only and shall not be used for any other

15  purpose.  The Settlement Administrator shall provide reasonable and appropriate administrative,

16  physical, and technical safeguards for any personally identifiable information ("PII") that it

17  receives from Defendants; and promptly provide Defendants with notice if PII is subject to

18  unauthorized access, use, disclosure, modification, or destruction.

19      Within fourteen (14) calendar days after receipt of the Class List and Data, the Settlement

20  Administrator shall mail the Notice Packet to the Class Members and PAGA Employees via first-

21  class regular U.S. mail.  Prior to mailing, the Settlement Administrator will perform a search based

22  on the National Change of Address Database information to update and correct for any known or

23  identifiable address changes.  It will be presumed that, if an envelope containing the Class Notice

24  has not been returned before the end of the 45-day opt-out period, the Class Member and/or

25  PAGA Employee received the Notice.  If a new address is obtained by a way of a returned Notice

26  Packet, then the Settlement Administrator shall promptly forward the original Notice Packet to the

27  updated address via first-class regular U.S. mail indicating on the original Notice Packet the date

28  of such re-mailing.  Where a Notice Packet is returned as undeliverable, without a forwarding

1  address, the Settlement Administrator will perform a computer/SSN and "skiptrace" search to

2  obtain an updated address within three (3) court days of receiving the notice from the U.S. Post

3  Office. If a new address is obtained by a way of a returned Notice Packet or skiptrace, then the

4  Settlement Administrator shall promptly forward the original Notice Packet (no later than 3 court

5  days of receiving the undeliverable notice or obtaining the skiptrace results) to the new address via

6  first-class regular U.S mail. Those Class Members and/or PAGA Employees who were re-mailed

7  the Notice Packet will be given additional ten (10) calendar days after the 45-day deadline. The

8  parties will take all reasonable steps to cooperate with the Settlement Administrator to locate a

9  more recent address for Class Members and/or PAGA Employees, where necessary.

10        The Notice will be approved by the Court at the time of preliminary approval. The notice

11  will include, but shall not be limited to: information regarding the nature of the Lawsuit and the

12  names and contact information for Class Counsel; a summary of the substance of the Settlement;

13  the Class definition; a description of the Settlement administration, procedure, and the deadline for

14  submitting Opt-Out Forms and objections; the date for the Final Approval Hearing; and the

15  formula used to calculate Individual Class Settlement Payments and Individual PAGA Payments.

16  The Notice shall also include the number of workweeks and pay periods the Class Member and/or

17  PAGA Employee worked during the Class Period and/or PAGA Period (according to Defendants'

18  records) and the Class Member's and/or PAGA Employee's estimated Individual Class Settlement

19  Payment and/or Individual PAGA Payment, and shall afford the Class Member and/or PAGA

20  Employee the opportunity to challenge the number of workweeks at issue and/or payroll periods

21  reflected in Defendants' records, and to provide evidence supporting any such challenge. Any

22  Class Participant who fails to comply with the requirements in the Class Notice for submitting a

23  timely challenge will be deemed to have waived any right to challenge their Individual Class

24  Settlement Payment and/or Individual PAGA Payment.

25        An Opt-Out Form shall allow the Class Members to elect exclusion from the settlement of

26  the Released Class Claims, but does not exclude a PAGA Employee from the settlement of the

27  Released PAGA Claims. If a Class Member does not want to participate in the Class portion of

28  this Settlement and wants to avoid being bound by the non-PAGA Settlement terms, a Class

Member must sign his or her Opt-Out Form and submit it to the Settlement Administrator by not later than forty-five (45) calendar days after the Notice Packet was first mailed.  To be valid, an Opt-Out Form must be timely and must comply with the instructions in the Class Notice.  A Class Member who does not complete and mail a timely Opt-Out Form in the manner and by the deadline specified in the Class Notice will automatically become a Class Participant and will be bound by all terms and conditions of the Settlement, including the Released Class Claims by the Class, if the Settlement is approved by the Court, and by the Judgment, regardless of whether he or she has objected to the Settlement.  Persons who submit an Opt-Out Form shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.  Notwithstanding the submission of a timely request for exclusion, PAGA Employees will still be bound by the settlement and release of the Released PAGA Claims or remedies under the Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Requests for exclusion do not apply to the PAGA Claims, and will not be effective to preclude the release of the PAGA Claims.

Class Members who wish to object to the Settlement should follow the instructions in the Class Notice to timely submit their objection.  In order to object to the Settlement, a Class Member must file his or her written objection with the Court not later than forty-five (45) calendar days after the Notice Packet was first mailed.  Any Class Member who wishes to appear at the Final Approval Hearing should submit a Notice of Intention to Appear at the Final Approval Hearing by the deadline stated in the Class Notice.  Any Class Member who fails to comply with the requirements for submitting a timely objection may be deemed by the Court to have waived any right to object to the settlement and may not appeal any ruling in connection with the Settlement.

Compliance with the notice procedures specified in this Settlement Agreement shall constitute due and sufficient notice to Class Members and PAGA Employees of this Settlement and shall satisfy the requirements of due process. Nothing else shall be required of, or done by, the Parties, Class Counsel, or Defense Counsel to provide notice of the proposed Settlement. In the event the procedures in this Settlement Agreement are followed and the intended recipient of a

DocuSign Envelope ID: B01E2150-EBAE-4F40-A461-D4BB97F68B53

Notice of Settlement still does not receive the Notice of Settlement, the intended recipient shall remain a Class Participant and/or PAGA Employee and will be bound by all terms of the Settlement and any Final Approval Order entered by the Court.

**6.    Submission of Claim Form Unnecessary to Participate in Class Settlement**

Unless the Class Member submits a valid and timely Opt-Out Form to the Settlement Administrator by not later than forty-five (45) calendar days after the Notice Packet was first mailed, the Class Member will automatically be mailed a check for his or her pro rata share of the Net Settlement Amount.

**7.    Disputes Regarding Administration of Settlement**

Any dispute not resolved by the Settlement Administrator concerning the administration of the Settlement shall be resolved by the Court.  The Parties intend that any decision in this regard shall be consistent with this Agreement and the exhibits hereto.  Prior to any such involvement of the Court, counsel for the Parties shall confer in good faith and make use of the services of the mediator, the Honorable Jay C. Gandhi, if necessary, to resolve the dispute without the necessity of involving the Court.

**8.    Reminder of Opt-Out & Objection Deadlines**

Not more than 30 days, but not fewer than 25 days after mailing of the original Notice Packet, the Settlement Administrator shall mail one reminder postcard, which shall include the estimated Individual Class Settlement Payment and/or Individual PAGA Payment, as well as contact information for the Parties' Counsel and the Settlement Administrator, to all Class Members who have not yet submitted an Opt-Out Form, to remind them of the deadline.  The postcard shall be mailed to such Class Members via first-class regular U.S. Mail, using the most current mailing address information then available for the Class Members.

**D.    SETTLEMENT TERMS**

**1.    The Settlement Class**

For the purposes of this Joint Stipulation, the Settlement Class to be conditionally certified for settlement purposes only shall consist of all California-based employees of Defendants employed from August 19, 2015 through July 15, 2021 ("Class Period"), in the following

positions as identified in Centene's HRIS system: (1) all non-exempt employees who were Customer Service Representatives or other non-exempt call center workers; and (2) all non-exempt employees working in Fresno.

The Parties also stipulate to the approval by the Court of a representative action, for settlement purposes only, as to all claims asserted pursuant to PAGA on behalf of the State of California and all employees who fall within the class definition and worked for Defendants in California at any time between May 10, 2018 and July 15, 2021. Defendants' stipulation to the certification of a settlement class and to a representative action shall not be construed as an admission or acknowledgment of any kind that any class should be certified or that any claims should be given class or representative action treatment.

## 2. Total Settlement Amount

The Total Settlement Amount that Defendants will pay to resolve this Action is Two Million One Hundred Thousand Dollars ($2,100,000), which includes the payment to the Class Participants, the Settlement Administrator's expenses, the Class Representative's service payment, the PAGA fund, and Class Counsel's attorneys' fees and costs.

Defendants will pay the applicable employer-side payroll taxes on the wage portion of the settlement payments separately and in addition to the Total Settlement Amount.

## 3. Class Representative Service Payment

Defendants will not oppose the Class Representative's application to the Court for a service payment of $10,000, to be paid out of the Total Settlement Amount. To the extent the Court approves less than the requested amount of the Class Representative Service Payment, the difference between the requested and awarded amount will added to the amount to be distributed to the Class Participants.

In consideration of the mutual covenants and promises set forth herein, as of the Final Approval Date, the Class Representative fully releases and discharges Defendants and the other Released Parties from any and all claims that Class Representative now has or claims to have or which Class Representative at any time heretofore had or claimed to have, or which Class Representative at any time hereafter may have or claim to have, known or unknown, arising out of

or related to any act, omission, event, fact, or other thing that existed or occurred on or before Preliminary Approval.

Without limiting the generality of the foregoing, and in addition to the foregoing, the Class Representative specifically and expressly releases to the maximum extent permitted by law any and all claims, rights, demands, liabilities, and causes of action, whether known or unknown, against Defendants and the Released Parties, that arise from, or are related to Plaintiff's employment with or separation from Defendants through the Release Period. The named Plaintiff also waives any and all rights conferred upon her under Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release does not include any pending claims for workers' compensation benefits that the Class Representative may have against Defendants, or any other claim that cannot be released by law. Any Class Representative Service Payment approved by the Court shall be paid to the Class Representative from the Total Settlement Amount, and shall be in addition to any distribution to which she may otherwise be entitled as a Class Participant and PAGA Employee. The Class Representative Service Payment shall not be considered wages, and the Settlement Administrator shall issue the Class Representative a Form 1099 reflecting such payment.

**4.      Class Counsel's Attorneys' Fees and Costs**

Defendants will not oppose the Class Representative's application to the Court for attorneys' fees of up to 30% of the Total Settlement Payment ($630,000) and costs incurred of up to $12,000. The Class Counsel's fees and costs approved by the Court shall encompass: (a) all work performed and costs incurred by Class Counsel in representing Plaintiff and the putative class/PAGA Employees through the date of this Joint Stipulation; (b) all work to be performed and costs to be incurred in connection with obtaining final approval from the Court of the terms of this Joint Stipulation; and (c) all work and costs, if any, incurred in connection with administering the

1  Settlement through the conclusion of the Action.  To the extent the Court approves less than the

2  requested amount of Class Counsel's fees and costs, the difference between the requested and

3  awarded amounts will be added to the amount to be distributed to the Class Participants.

4  Defendants shall bear their own attorneys' fees and costs incurred for the Action.

5      **5.**    **PAGA Fund and Payment to Labor and Workforce Development Agency**

6      The Parties agree to allocate $105,000 of the Total Settlement Payment for settlement of

7  claims for civil penalties under PAGA, Labor Code § 2699, *et seq*.  Pursuant to Labor Code

8  Section 2699(i), 75% of that amount ($78,750) will be paid to the Labor and Workforce

9  Development Agency.  The remaining 25% ($26,250) will be distributed to PAGA Employees on

10  a pro rata basis based on the number of pay periods they worked during the PAGA Period as the

11  Individual PAGA Payment. The PAGA Fund shall be treated as miscellaneous income which shall

12  be reported on an IRS 1099 without withholdings.

13      **6.**    **Class Participant Distribution Formula**

14      After deducting for the amounts for Settlement Administrator's Expenses, Plaintiff's

15  awarded Class Representative Service Payment, the PAGA Fund, and Class Counsel's awarded

16  attorneys' fees and costs, the balance of the Total Settlement Payment (the "Net Settlement

17  Amount") will be distributed as follows:

18      (a)    "Total Workweeks" will be the total number of Workweeks worked by all

19      Class Participants during the Class Period according to Defendants' records.

20      "Individual Workweeks" will be the total number of Workweeks worked by

21      each individual Class Participant during the Class Period, according to

22      Defendants' records.  If Defendants' records reflect that a Class Participant

23      worked any amount of time during a Workweek, that Workweek will be

24      counted as a Workweek for purposes of calculating the Total Workweeks

25      and the Individual Workweeks for the particular Class Participant.

26      (b)    Each Class Participant's "Individual Settlement Payment" will be based on

27      a ratio of the Class Participant's Individual Workweeks to the Total

28      Workweeks.  The Individual Settlement Payment will be calculated by

dividing the Class Participant's Individual Workweeks by the Total Workweeks and multiplying by the Net Settlement Amount.  A portion of this resulting amount will be subject to tax withholdings, as described below.

**7.    Non-Reversionary Settlement**

The Parties agree that no part of the Total Settlement Amount will revert back to Defendants. The Class Participants and PAGA Employees shall have one-hundred eighty (180) calendar days to deposit or otherwise cash their settlement checks.  This 180-day period will be counted from the postmark date of the checks' mailing to Class Participants and PAGA Employees by the Settlement Administrator.

As to the funds that remain in the Settlement Fund Account after 180 days due to Class Participants' and PAGA Employees' failure to deposit or cash their settlement checks, those funds will be sent to State of California's Unclaimed Property Fund in the Class Participants' names.

**8.    No Credit Toward Benefit Plans**

The Individual Settlement Payments made to Class Participants under this Settlement, as well as any other payments made pursuant to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Class Participants may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Participants may be entitled under any benefit plans.

**9.    Treatment of Class Settlement Payments and Payroll Tax Obligations**

All Individual Settlement Payments to Class Participants will be allocated as follows:  30% to settlement of wage claims, 40% to settlement of claims for interest and expense reimbursements, and 30% to settlement of claims for penalties.  The Settlement Administrator shall calculate the payroll taxes, including, but not limited to, Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes associated with the wage portion of the Settlement Amount made to each Class Participant.

The employee's share of payroll taxes shall be withheld by the Settlement Administrator and paid to the appropriate governmental agencies. Defendants shall pay a separate amount, in addition to the Total Settlement Amount, to cover the employer's share of payroll taxes. The Settlement Administrator will calculate the employer's share of payroll taxes and pay those amounts to the appropriate governmental agencies. For purposes of calculating payroll taxes, the Parties agree, for purposes of this Agreement only and for no other purpose that thirty percent (30%) of each Individual Settlement Payment shall constitute wages subject to standard withholdings.

The Parties make no representations as to the tax treatment or legal effect of the payments specified herein, and the Class Participants and PAGA Employees are not relying on any statement or representation by the Parties, Class Counsel, or Defendants' Counsel in this regard. Class Participants and PAGA Employees will be responsible for the payment of all taxes and penalties assessed on the payments specified herein.

The Parties acknowledge and agree that: (1) no provision of this Joint Stipulation, and no written communication or disclosure between or among the Parties, Class Counsel, or Defendants' Counsel and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the acknowledging party: (a) has relied exclusively upon his, her, or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Joint Stipulation, (b) has not entered into this Joint Stipulation based upon the recommendation of any other party or any attorney or advisor to any other party; and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Joint Stipulation.

/ / /

10.    **Deadline to Fund the Settlement Fund Account**

Defendants shall deliver or otherwise remit to Settlement Administrator the necessary funds to fully fund the Settlement Fund Account within ten (10) business days from the Effective Date.  This deadline is contingent on the Settlement Administrator providing to the Defendants: the amounts to be paid (including the employer's share of payroll taxes with a spreadsheet showing the amount for each Class Participant's Individual Settlement Payment), W-9 form for the Qualified Settlement Fund, and payment instructions within 14 days of the order granting final approval of the Settlement.  Settlement checks will be mailed within fourteen (14) days of funding unless otherwise provided herein.

11.    **Release of Claims by Class Participants**

Following the approval of the terms of this Joint Stipulation at the Final Approval Hearing, by automatic effect of this Joint Stipulation, each Class Participant shall release and discharge Defendants and the other Released Parties from Released Class Claims.  The Released Class Claims include any claims, demands, lawsuits, administrative actions, arbitrations, and participation to any extent in any pending or future class, collective, or representative actions, or other action of any kind based on the Released Class Claims.  With regard to the Released Class Claims, the Class Participants shall also waive any and all rights conferred upon them under Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The waiver of unknown claims applies to the <u>Released Class Claims only</u>.  The release shall become effective upon Final Approval. Settlement Class Members may not re-litigate the claims released here in any other proceeding.

12.    **Release of Claims by PAGA Employees**

Upon approval of the terms of this Joint Stipulation at the Final Approval Hearing, all PAGA Employees shall release and discharge Defendants and the other Released Parties from

DocuSign Envelope ID: B01E2159-EBAE-4F40-A461-D4BBB7F68B53

1  Released PAGA Claims, irrespective of whether that PAGA Employee validly requests exclusion

2  from the settlement of Released Class Claims.  An opt-out does not affect the release of PAGA

3  Claims under this Agreement.

4      The PAGA Employees shall also waive unknown claims pursuant to California Civil Code

5  § 1542 with regard to the Released PAGA Claims only.  The PAGA release shall become effective

6  upon Final Approval.

7      **13.    Number of Class Members and Workweeks at Issue**

8      Defendants represent that there are a total of approximately 475 Class Members, and that

9  the total number of class workweeks is approximately 51,535 during the Class Period.  Defendants

10  provided the Class list to Class Counsel on April 29, 2022.  If the total number of workweeks

11  during the Class Period is more than 10% greater than 51,535, Defendants agree, at Defendants'

12  sole option, that either the class membership will be cut off as of the date that the number of

13  workweeks reaches 10% more than the total above, or, the Total Settlement Amount will be

14  increased on a proportional basis (i.e., if there was a 14% increase in the number of workweeks

15  worked by Class Members, Defendants would agree to increase the Total Settlement Amount by

16  4%).

17  **E.    NULLIFICATION OF THE JOINT STIPULATION**

18      **1.    Non-Approval of the Settlement Stipulation**

19      If (a) the Court should for any reason fail to approve any material term of this Settlement

20  in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a judgment

21  in the Action, or (c) the judgment is reversed, modified, or declared or rendered void, then this

22  Settlement Agreement shall be considered null and void, and neither this Settlement, nor any of

23  the related negotiations or proceedings, shall be of any force or effect, and all Parties to this

24  Settlement Agreement shall stand in the same position, without prejudice, as if the Settlement

25  Agreement had been neither entered into nor filed with the Court.  Invalidation of any material

26  portion of this settlement shall invalidate this Settlement in its entirety, unless the Parties shall

27  subsequently agree in writing that the remaining provisions of the Settlement are to remain in full

28  force and effect. The Court's failure to approve Class Counsel's attorneys' fees and costs or the

the Class Representative's Service Payment in the amounts stated herein, or any procedural change to the settlement administration procedures set out herein required by the court shall not be considered an invalidation of a material portion of the settlement under this section.  Moreover, a reallocation of the Settlement allocations between the Class Members and the PAGA Employees required by the Court shall not be considered an invalidation of a material portion of the settlement under this section.

### 2.    Defendants' Right to Withdraw Based on Opt-Outs

If 4% or more of the Class Members validly opt out, Defendants will have the right to rescind the Settlement and all actions taken in its furtherance of the Settlement will be null and void.  Defendants must exercise this right in writing to Class Counsel within ten (10) calendar days after the latest Opt-Out deadline.  If Defendants exercise this right, they shall be solely responsible for all costs of the settlement administration incurred to date.

## F.    FINAL APPROVAL HEARING

At the Final Approval Hearing, Plaintiff shall move the Court for an order finally approving the terms of the Joint Stipulation, certifying the Class for settlement purposes, finding the terms of the Joint Stipulation as being fair, reasonable, and adequate to the Class Participants, and approving the settlement and release of the Released PAGA Claims by PAGA Employees. Plaintiff will provide a draft of the Motion to Defendants at least 7 days in advance of filing for review and comment.  The Parties do not anticipate that a separate submission will be required for Defendants, but Defendants' Counsel agree to submit to the Court such pleading and/or evidence as may be required for the Court's determination if it is ordered by the Court.

## G.    DUTIES OF THE PARTIES

### 1.    Mutual Full Cooperation

The Parties agree to cooperate fully with each other to accomplish and implement the terms of this Joint Stipulation.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Joint Stipulation.  The Parties shall use their best efforts, including all efforts contemplated by this Joint Stipulation and any other efforts that may become necessary by

Court Order, or otherwise, to effectuate this Joint Stipulation and the terms set forth herein. As soon as practicable after execution of this Joint Stipulation, Class Counsel, with the cooperation of Defendants and their counsel, shall take all necessary and reasonable steps to secure the Court's Final Approval of the terms of this Joint Stipulation.

**2.      Duty to Support and Defend the Settlement**

The Parties agree that the terms of the Joint Stipulation are fair and reasonable and will so represent to the Court. In addition, the mediator may, at his discretion, execute a declaration supporting the Settlement and the reasonableness of this Settlement, and the Court may, in its discretion, contact the mediator to discuss the Settlement and whether or not the Settlement is fair and reasonable. The Parties agree to abide by all of the terms of the Joint Stipulation in good faith and to support the Settlement fully, and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

**H.      MISCELLANEOUS PROVISIONS**

**1.      Construction**

The Parties agree that the terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between the Parties and that this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in its drafting.

**2.      Choice of Law**

This Joint Stipulation is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

**3.      Captions and Interpretations**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference only, and in no way define, limit, extend, or describe the scope of this Joint Stipulation or any provision thereof.

**4.      Modification**

This Joint Stipulation may not be changed, altered, or modified, except in writing signed by the Parties, and approved by the Court if required. This Joint Stipulation may not be

discharged except by performance in accordance with its terms or by a writing signed by the Parties.

**5.    Integration Clause**

This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement of the Action and the transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein.  No rights under this Joint Stipulation may be waived except in writing.

**6.    Interim Stay of Proceedings**

The Parties agree to stay all proceedings in the Action, subject to necessary compliance with the Court's orders, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court.  The Parties further agree that, pursuant to Code of Civil Procedure § 583.330(a), the five-year period specified in Code of Civil Procedure § 583.310 shall be tolled for the time period beginning on May 21, 2021 (the date on which the Parties conducted the mediation during which the settlement was reached) and ending on the Effective Date of this Stipulation or the date of a final order denying approval of this Stipulation.

**7.    Jurisdiction of the Court**

Following entry of the Final Approval, the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties, Class Counsel, and Defense Counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

**8.    Invalidity of Any Provision**

Before declaring any term or provision of this Stipulation invalid, the Parties request that the Court first attempt to construe the terms or provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation as valid and

1    enforceable.

2        **9.**    **Successors and Assigns**

3        This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their

4    respective heirs, trustees, executors, administrators, successors, and assigns.

5        **10.**    **Confidentiality**

6        All Parties agree that this Settlement is strictly confidential until the Preliminary Approval

7    Motion is filed.  Nothing in this provision is intended to either (a) interfere with the ability of Class

8    Counsel to communicate with Class Members in connection with the action, or (b) restrict Class

9    Counsel's right to practice law under CRPC Rule 1-500.  Class Counsel will maintain as Confidential

10   any information about the Class Members provided in connection with this Settlement in accordance

11   with the Stipulated Protective Order entered in the *Del Toro* action on September 14, 2020.

12       **11.**    **Class Counsel Signatories**

13       Because the Members of the Class are so numerous, the Parties agree that it is impossible

14   or impractical to have each Class Participant and PAGA Employee sign this Joint Stipulation.

15   Thus, it is agreed that, for purposes of seeking approval of the Class Settlement, this Joint

16   Stipulation may be executed on behalf of the Class by the Class Representative and Class Counsel.

17       **12.**    **Corporate Signatories**

18       Any person executing this Joint Stipulation or any such related document on behalf of a

19   corporate signatory hereby warrants and promises, for the benefit of all Parties hereto, that such

20   person has been duly authorized by such corporation to execute this Joint Stipulation or any such

21   related document.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1  **13.    Execution in Counterparts**

2      This Joint Stipulation shall become effective upon its execution by all of the undersigned

3  Parties.  The Parties may execute this Joint Stipulation in counterparts, and execution of

4  counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5

6                          DEFENDANTS

7  Dated:  August ___, 2022    By:  *Katie Casso*
                                    Katie Casso (Aug 29, 2022 07:31 CDT)

8                                  Print Name:
                                   Title:
9                                  Centene Management Company, LLC

10

11                         PLAINTIFF/CLASS REPRESENTATIVE

12                         ┌─ DocuSigned by:

13  Dated:  August ⁵___, 2022    By:  _____
                                    4C698F4B7B8F4D6...
14                                 KRISTI DEL TORO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT**

1

2

<u>**APPROVED AS TO FORM**</u>

3                                           LITTLER MENDELSON, P.C.

4

5    Dated:  August 29, 2022                By: _____

KEITH A. JACOBY

6                                           GREGORY ISKANDER

DEMERY RYAN

7                                           Attorneys for Defendants CENTENE

CORPORATION, *et al*.

8

9                                           AEQUITAS LEGAL GROUP

10

11   Dated:  August ___, 2022               By: _____

RONALD H. BAE

12                                          OLIVIA D. SCHARRER

Attorneys for Plaintiff KRISTI DEL TORO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*Del Toro v. Centene Corp., et al.*

**Case No. 4:19-cv-05163-YGR**

# NOTICE OF CLASS ACTION AND PAGA SETTLEMENT

**If you are or were employed by Centene as a non-exempt employee in California at any time between August 19, 2015 and July 15, 2021, you <u>are</u> eligible to receive compensation from a class action and PAGA settlement.**

- A current non-exempt employee has filed a wage and hour class action against Centene Corporation; Envolve Pharmacy Solutions, Inc.; US Script LLC; and Centene Management Company, LLC (collectively, "Centene" or "Defendants") on behalf of herself and all other similarly situated individuals.

- Defendants deny all of the allegations, but the parties have reached a settlement that the Court has preliminarily approved on the ground that the settlement is fair, reasonable, adequate, and in the best interests of the class members.

*A court authorized this notice. This is not an advertisement.*
*This is not a lawsuit against you. You are not being sued.*
*But, your rights will be affected by this settlement.*

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND GET AUTOMATIC PAYMENT** | If you received this Notice of Class Action Settlement, you will <u>automatically</u> receive your share of the settlement, unless you exclude yourself. You do <u>not</u> need to submit a claim form to receive this payment. |
| **EXCLUDE YOURSELF** | You have the option to pursue separate legal action against Defendants for any of the claims in this lawsuit, except for the claims under the Private Attorneys General Act ("PAGA"). You will have to hire your own attorney or represent yourself. If you would like to use this option, you <u>must</u> send the Settlement Administrator a written request to exclude yourself from the Settlement ("opt out"). <u>If you opt out, you will not receive an Individual Settlement Payment</u>. The deadline to submit a request to opt out is _____, 2022.<br><br>By law, you cannot opt out of the PAGA portion of the settlement. If you worked for Defendants between May 10, 2018 and July 15, 2021, you will receive a check for your share of the PAGA portion of the settlement, even if you submit a request to opt out. |

| **OBJECT** | If you so choose, you may object to this settlement.  The deadline to file objections with the Court is _____, 2022. |
|---|---|

- Your options are explained in this notice.  To receive your share of the settlement, you do <u>not</u> need to submit a claim form.  If you do <u>not</u> want to participate in this class action settlement, you <u>must</u> submit an opt-out form by _____, 2022.

- Any questions?  Read the entire notice and if you still have questions, please call (xxx) xxx-xxxx.

## PLEASE READ THIS NOTICE CAREFULLY.

## Your rights will be affected by this settlement.

1. Why did I get this notice? ................................................................................................ Page 2

2. Why should I read this notice? ......................................................................................... Page 2

3. What is this case about? .................................................................................................... Page 3

4. Who are the parties in this case? ...................................................................................... Page 3

5. Why did Centene join in the settlement? ......................................................................... Page 3

6. How much is the settlement? ............................................................................................ Page 3

7. How much will I receive from the settlement? ................................................................ Page 4

8. What are my options in this matter? ................................................................................. Page 4

9. What rights will I give up if I participate in this settlement? .......................................... Page 5

10. Is there a trial date set for this class action? ................................................................... Page 5

11. Who are the attorneys representing the parties? .............................................................. Page 5

12. How will the attorneys, class representatives and settlement administrator be paid? .......... Page 6

13. What if I need additional information? .............................................................................. Page 6

## 1.  Why did I get this notice?

You received this notice because Centene's business records indicate that you worked, or continue to work for Centene in California at some point between August 19, 2015 and July 15, 2021 as a non-exempt Customer Service Representative or other non-exempt call center worker; or (2) a non-exempt employee in Fresno.  All current and former employees who fall within one or both of these categories are known as Class Members.

## 2.  Why should I read this notice?

This notice is to let you know that the parties in a putative class action filed against Defendants have reached a tentative settlement.  Under California and federal law, a class action settlement must be reviewed by a judge via a two-step process: preliminary approval and final approval.  On _____, 2022, Judge Yvonne Gonzalez

Rogers of the United States District Court for the Northern District of California preliminarily approved the terms of this proposed settlement and ordered this notice to be mailed to all class members. The Court will hold a Final Fairness Hearing via Zoom concerning the proposed settlement on _____, 2023 at _____ __.m. This notice tells you about your rights to share in the settlement or to potentially exclude yourself (otherwise known as "opting out") from the settlement.

## 3. What is this case about?

Plaintiff claims that Defendants violated California wage and hour laws and unfair competition laws by: failing to pay regular and overtime wages; failing to provide compliant meal and rest breaks or pay premium wages in lieu thereof; failing to pay all wages due timely upon termination; failing to reimburse business expenses; and failing to provide accurate, itemized wage statements. Based on these alleged violations, Plaintiff also seeks to recover civil penalties under the Private Attorneys General Act, California Labor Code § 2698, *et seq*. ("PAGA").

Defendants deny all of these allegations and assert that they have fully complied with all of their legal obligations under California law.

## 4. Who are the parties in this case?

Kristi Del Toro is the Plaintiff/Class Representative. Centene Corporation; Envolve Pharmacy Solutions, Inc.; US Script LLC; and Centene Management Company, LLC are the Defendants.

## 5. Why did Defendants join in the settlement?

Defendants have joined in the settlement only as a compromise because they wish to finally, fully and completely resolve the dispute in the best interests of the Class. By agreeing to the terms of the settlement, Defendants do not admit any of the allegations in the case, that they have done anything wrong or that any Class Member has suffered any damage. As such, Defendants are not giving up their right to defend themselves against any of the allegations involved in the lawsuit if this settlement fails for any reason.

## 6. How much is the settlement?

The Total Settlement Amount is $2,100,000, which will cover Individual Settlement Payments to all Class Members who do not opt out; settlement administration costs of up to $15,000; a class representative service payment of up to $10,000; Class Counsel's attorneys' fees of up to $630,000 (30% of the Total Settlement Amount) and costs incurred of up to $12,000; and a PAGA Fund of $105,000, which will cover a payment of $78,750 to the California Labor and Workforce Development Agency ("LWDA") for civil penalties, and a payment of $26,250 to PAGA employees. Defendants will pay their share of applicable employer-side payroll taxes on the wage portion of the settlement payments separately and in addition to the Total Settlement Amount.

*Individual Settlement Payments*

Individual Settlement Payments will be paid to all participating Class Members from the Net Settlement Amount (the amount remaining after deductions from the Total Settlement Amount for settlement administration fees, the class representative service payments, the PAGA Fund, and class counsel's attorneys fees and costs).

The amount that you will receive will be based on the total number of weeks you worked for Defendants between August 19, 2015 and July 15, 2021 (the "Class Period"), as shown by Centene's records. The Net Settlement Amount (the amount remaining after deductions from the Total Settlement Amount for settlement administration fees, the class representative service payment, and Class Counsel's attorneys' fees and costs) will be divided by the total number of weeks worked by all participating Class Members (*i.e.*, all individuals who do not opt out) during the Class Period to determine a multiplier. Each participating Class Member's payment will equal the number of weeks worked by that participating Class Member during the Class Period, times the multiplier.

**YOU DO NOT NEED TO SUBMIT A CLAIM FORM IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT.**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST RETURN AN OPT-OUT FORM TO THE SETTLEMENT ADMINISTRATOR POSTMARKED NO LATER THAN ＿＿＿＿＿＿＿＿＿, 2022. AN OPT-OUT FORM IS ENCLOSED WITH THIS NOTICE.**

### *Individual PAGA Payment*

Out of the Total Settlement Amount, Defendants will pay an estimated $105,000 as the PAGA Fund. 75% of this amount, or $78,750, will be distributed to the LWDA as payment for civil penalties as required by law. The other 25%, or $26,250, will be distributed to PAGA Employees on a pro rata basis based on the number of pay periods they worked between May 10, 2018 and July 15, 2021.

The term "PAGA Employees" means all California-based employees of Defendants employed from May 10, 2018 through July 15, 2021, in the following positions as identified in Centene's HRIS system: (1) all non-exempt employees who were Customer Service Representatives or other non-exempt call center workers; and (2) all non-exempt employees working in Fresno.

PAGA Employees do not have the opportunity to exclude themselves from the Individual PAGA Payment portion of the Settlement. If the Court approves the Settlement and you fall within the definition of PAGA Employees set forth above, you will receive an Individual PAGA Payment. Individual PAGA Payments will be treated as miscellaneous income which shall be reported on an IRS 1099 without withholdings.

### 7. *How much will I receive from the settlement?*

Centene's business records indicate that you worked ＿＿ weeks during the period from August 19, 2015 through July 15, 2021. If you do not opt out of this Settlement, you will automatically be mailed a check for your pro rata share of the settlement payment, which will be based on your total workweeks stated in this Notice. The amount you will receive is estimated to be $＿＿＿.

If you disagree with your workweeks stated in the prior paragraph, please contact the settlement administrator and provide the total number of weeks that you believe you worked as a nonexempt, hourly-paid employee for Centene between August 19, 2015 and July 15, 2021. You will need to submit supporting documentation for your claimed workweeks by sending them to the Settlement Administrator at: **ILYM GROUP, Inc.,** 14771 Plaza Drive, Unit L, Tustin, CA 92870, Tel: (xxx) xxx-xxxx, Fax: (888) 845-6185, Email: xxx@ilymgroup.com. If you disagree with your stated workweeks, you must let the Settlement Administrator know and submit your supporting documentation by ＿＿＿＿＿＿＿＿＿, 2022 [fill in opt-out deadline].

If you disagree with your stated work weeks, the settlement administrator will review your claim and all supporting documentation that you provide and then will notify you of the final determination via written correspondence within 14 calendar days of their receipt of your supporting documentation.

### 8. *What are my options in this matter?*

**Option 1: Participate in the Settlement and Receive Compensation.** If you wish to participate in the settlement and receive compensation, you do not need to submit a claim form. You will be mailed a payment automatically if the settlement becomes final, unless you opted out.

**Option 2: Opt Out of the Settlement.** If you do not wish to participate in the settlement, you must request exclusion by sending the Settlement Administrator an Opt-Out Form post-marked no later than

_____, 2022.  If you request exclusion, you will receive no money from the settlement.  The judgment will bind all Class Members who do not timely and properly request exclusion.

**Option 3: Object to the Settlement**: You can ask the Court to deny approval of the settlement by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person (via Zoom) or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting documents must (1) clearly identify the case name and number (*Del Toro v. Centene Corp., et al.*, Northern District of California Case No. 4:19-cv-05163-YGR); and (2) be submitted to the Court by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California.  The last day to file an objection is _____, 2022.  **If you object to the settlement, you will still receive your pro rata share of the Net Settlement Amount if the Court approves the settlement.**

**Appearing at the Final Approval Hearing**: The Final Approval Hearing is scheduled for _____, 2023 at 2:00 p.m. and will be held via Zoom.  If you would like to appear at the Final Approval Hearing, you may do so by clicking on the link for the Court's public Zoom hearings (https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09).  The Webinar ID is 161 876 4848 and the password is 715550.  The information on how to join the Zoom hearing is also available on the Court's website at https://www.cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/.  The Final Approval Hearing may be continued to a later date and time without further notice to the Class, but you may confirm the hearing date and time by consulting the Court's website (https://pacer.uscourts.gov/) or the Settlement website [insert address].

## 9.  What rights will I give up if I participate in this settlement?

Everyone who participates in the settlement will fully and finally release and discharge the Released Parties from all liability for the Released Claims.

The "Released Parties" means Defendants and any of their former and present parents, subsidiaries, affiliates, insurers, insurance policies, and benefit plans; each of the former and present officers, directors, employees, equity holders (partners, shareholders, holders of membership interests, etc.), agents, representatives, administrators, fiduciaries, and attorneys of the entities and plans described in this sentence; and any other predecessors, successors, transferees, and assigns of each of the persons and entities described in this sentence ("Released Parties") through the Release Period.  The "Release Period" means the period from August 19, 2015 through December 31, 2021.

**Claims Released by Class Members**

If you are a Class Member (as defined in Section 1 on page 2) and do not opt out of the settlement, you will release any and all claims, rights, demands, liabilities, and causes of action, whether known or unknown, arising from the same set of operative facts as those set forth in Plaintiff's operative Complaint, or in Plaintiff's May 10, 2019 and August 14, 2019 LWDA letters, including those claims which could have been asserted based on the facts alleged in the operative Complaint or LWDA letters, though the Release Period, including claims for: failure to provide rest periods and meal periods; failure to pay minimum, regular, and overtime wages; failure to timely pay wages during employment and/or upon termination; improperly itemized wage statements; unreimbursed business expenses; unfair competition; and violations of the Private Attorneys General Act ("the Released Claims").

The time period covered by this release is August 19, 2015 through December 31, 2021.

**Claims Released by PAGA Employees**

If you are a PAGA Employee (as defined in Section 6 on page 4), you will release all PAGA Claims that were actually alleged or could have been alleged in the Action by Plaintiff in the operative Complaint or in the LWDA Letters, based on the allegations in operative Complaint and the LWDA Letters.

The time period covered by this release is May 10, 2018 through December 31, 2021.

## 10.  Is there a trial date set for this class action?

Currently, there is no trial date.  If the settlement is not approved by the Court, the parties may proceed to trial.

## 11.  Who are the attorneys representing the parties?

| Attorneys for Plaintiff/Class Representative Kristi Del Toro | Attorneys for Plaintiff/Class Representative Kristi Del Toro |
|---|---|
| Ronald H. Bae<br>Olivia D. Scharrer<br>AEQUITAS LEGAL GROUP<br>A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, California 91106<br>Telephone:     (213) 674-6080<br>Facsimile:     (213) 674-6081<br>Emails:  rbae@AequitasLegalGroup.com<br>            oscharrer@AequitasLegalGroup.com | Matthew Righetti, Esq. State Bar No. 121012<br>John Glugoski, Esq. State Bar No. 191551<br>**RIGHETTI GLUGOSKI, P.C.**<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94101<br>Telephone: (415) 983-0900<br>Facsimile: (415) 397-9005<br>Email: matt@righettilaw.com<br>Email: jglugoski@righettilaw.com |
| **Attorneys for Plaintiff/Class Representative Kristi Del Toro** | **Attorneys for Defendants Centene Corporation,** *et al.* |
| Reuben D. Nathan, Esq. (SBN: 208436)<br>rnathan@nathanlawpractice.com<br>**NATHAN & ASSOCIATES, APC**<br>2901 W. Coast Highway, Suite 200<br>Newport Beach, California 92663<br>Telephone: (949) 270-2798<br>Facsimile: (949) 209-0303 | Keith A. Jacoby, Bar No. 150233<br>kjacoby@littler.com<br>Demery Ryan, Bar No. 217176<br>dryan@littler.com<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East, 5th Floor<br>Los Angeles, California 90067<br>Telephone:     (310) 553-0308<br>Facsimile:     (310) 553-5583 |

## 12.  How will the attorneys, class representatives and settlement administrator be paid?

Class Counsel have been working on this case for over 2 years without any compensation.  Class Counsel will apply for a fee of 30% of the Total Settlement Amount ($630,000), and reimbursement of actual litigation costs of up to $12,000.  Class Counsel will further apply for a class representative service payment of $10,000 to Plaintiff to recognize her services to the class action and for assuming the risk of paying the litigation costs incurred by Class Counsel and Defendants in the event of an unsuccessful outcome in this case at trial or on appeal. Additionally, the Court-appointed Settlement Administrator's costs (up to $15,000) associated with mailing and processing Class Members' claims will be deducted from the settlement fund.  Defendants will bear their own attorneys' fees and costs outside of this settlement.

### 13.  What if I need additional information?

For a more detailed statement of the matters involved in the Action and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the case.  The Settlement Agreement and other settlement documents are available at no charge on the Settlement website [insert address].  The full case file may be inspected at the Office of the Court Clerk, United States District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Suite 400 S, Oakland, CA 94612, during the Court's normal business hours.  You may also inspect the case file for both cases online using the Public Access to Court Electronic Records system ("PACER"), at https://pacer.uscourts.gov/.

All inquiries by Class Members about this settlement should be directed to:

**ILYM Group, Inc.**
**14771 Plaza Drive, Unit L**
**Tustin, CA 92870**
**(xxx) xxx-xxxx**
**xxx@ilymgroup.com**

Refer to the <u>Del Toro v. Centene Corp.</u> Class Action Settlement.

**PLEASE DO NOT CALL THE COURT.**

# EXHIBIT  2

# OPT-OUT FORM

## *DEL TORO V. CENTENE CORP., ET AL.*

United States District Court
Northern District of California
Case No. 4:19-cv-05163-YGR

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND GET AUTOMATIC PAYMENT** | If you received this Notice of Class Action Settlement, you will <u>automatically</u> receive your share of the settlement, unless you exclude yourself.  You do <u>not</u> need to submit a claim form to receive this payment. |
| **EXCLUDE YOURSELF** | You have the option to pursue separate legal action against Defendants for any of the claims in this lawsuit, except for the claims under the Private Attorneys General Act ("PAGA").  You will have to hire your own attorney or represent yourself.  If you would like to use this option, you <u>must</u> send the Settlement Administrator a written request to exclude yourself from the Settlement ("opt out").  <u>If you opt out, you will not receive an Individual Settlement Payment</u>. The deadline to submit a request to opt out is _____, 2022. <br><br> By law, you cannot opt out of the PAGA portion of the settlement.  If you worked for Defendants between May 10, 2018 and July 15, 2021, you will receive a check for your share of the PAGA portion of the settlement, even if you submit a request to opt out. |
| **OBJECT** | If you so choose, you may object to this settlement.  The deadline to file objections with the Court is _____, 2022. |

I declare as follows:

  I am or was a non-exempt employee who worked for Defendants in California between August 19, 2015 and July 15, 2021 as (1) a non-exempt Customer Service Representative or other non-exempt call center worker; or (2) a non-exempt employee in Fresno.  I received and reviewed the Notice of Class Action Settlement in this action, and I wish to be ***excluded*** from the class and ***<u>not</u>*** to participate in the proposed class settlement.  I understand that by excluding myself, I will <u>not</u> receive any money from the Settlement.

Dated: _____

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)